## WHEELER *v.* FIDELITY AND CASUALTY COMPANY.

The petition set forth no cause of action, and was properly dismissed on demurrer.

Argued June 6,—Decided August 12, 1907.

Action on insurance policy. Before Judge Cann. Chatham superior court. December 15, 1906.

Wheeler sued the Fidelity and Casualty Company, alleging that the defendant was indebted to him in a stated sum, on a policy of accident insurance. The policy insured the plaintiff "against disability or death resulting directly, and independently of all other causes, from bodily injuries sustained through external, violent, and accidental means (suicide, sane or insane, not included)." The policy, in different clauses, made stipulations

in reference to the terms upon which the insured would or would not be entitled to indemnity; such clauses containing such expressions as, "If said injuries shall," etc. The policy also contained the following clause: "In case a person other than the insured or his legal representatives is specifically named as beneficiary, then, and not otherwise, this policy shall also, in consideration of the premium, insure the person so named as beneficiary against disability or death, resulting directly, and independently of all other causes, from bodily injuries sustained through external, violent, and accidental means (suicide, sane or insane, not included), and received by said person while riding as a passenger in or on a public conveyance propelled by steam, electricity, compressed air or cable, and provided for passenger service, including a passenger-elevator." It was alleged that Lela Wheeler, wife of the plaintiff, was specifically named as the beneficiary in the policy, and that she died as the result of a gunshot wound accidentally inflicted. The shot that killed her was fired from a passing street passenger-car, propelled by electricity. The conductor of the car got into an altercation with a passenger, and shot at the passenger in the car, and the bullet struck the plaintiff's wife while she was going up the front steps of her home on the street along which the car was passing. It was alleged, that the soliciting agent of the defendant, at the time the policy was sold, represented that the plaintiff would be indemnified in the sum named in the policy in the event that his wife should die as the result of any bodily injuries sustained through external, violent, and accidental means, whether received on a car or otherwise; that the agent stated that it was a new form of insurance which furnished greater protection than any policy that had ever been issued; that this was an inducement held out to the plaintiff to take the policy; that at the time the plaintiff paid the renewal premium the defendant was issuing two forms of policies for the same premium, in one of which the liability was not confined and limited, and in the other of which it was confined and limited by express words; and that the plaintiff paid the renewal premium upon the faith of the representation made to him that the policy covered all of the injuries of the nature and character of those which resulted in the death of his wife. The defendant filed a general demurrer; and also a special demurrer to that portion of the peti-

-tion relating to the representations of the soliciting agent, upon the ground that whatever representations might have been made were merged into the written contract, and the terms of the writing could not be varied by parol testimony.

*R. R. Richards,* for plaintiff, cited 176 Mass. 418 (57 N. E. 673); 52 Atl. 212; 170 N. Y. 434 (63 N. E. 446); 149 Fed. 199; 146 Fed. 396; Jones, Con. §§93, 95, 221, 229; 82 Mo. App. 607; 103 Ill. App. 534 (66 N. E. 388); Broom's Leg. M. 514, 607; 2 Pars. Con. (5th ed.) 513, 651, 657; 2 Kent's Com. 555; 1 Add. Con. (3d Am. ed.) §319; 159 N. Y. 239; 1 Wend. 388 (19 Am. Dec. 516); 6 Johns. 54 (5 Am. Dec. 188); 187 Mass. 8; *Ga. R.* 107/584; 84/345, 357; 95/605; 66/115; 86/728; 63/553; 23/43; 46/232, 607; 64/42; Civil Code, §§3674, 3675 par. 5.

*Garrard & Meldrim,* for defendant, cited 1 Gr. Ev. (16th ed.) §275; 8 Met. 99; *Ga. R.* 124/150; 94/25; 65/653; 60/159; 56/32; 54/290.

COBB, P. J. (After stating the facts.) If the stipulation in the policy providing for indemnity to the insured for loss resulting from the death or disability of his wife is interpreted as it stands alone, there can be but little question that under the terms of the stipulation there was to be no liability upon the company unless the death or disability resulted from an injury to the wife while she was a passenger upon a car or an elevator. The words are clear and unequivocal. This clause in the policy is entirely free from ambiguity. But it is said this clause should be interpreted in the light of the entire contract; and this is the correct rule. And if there is any other clause or stipulation in the policy which would enlarge the liability of the company to the plaintiff growing out of the accident to the wife, then the company would be liable to the extent to which the terms of the policy enlarged the liability, but no further. The insured is indemnified against disability and death resulting from bodily injury sustained through external, violent, or accidental means, except in those cases where the disability or death may result from causes made the subject of express exceptions in the policy. The policy then asserts that "if said injuries" shall disable the insured, etc., the company will pay a certain amount per week, "if said bodily injuries" are received by the insured while riding as a passenger in a public conveyance, etc., the amount paid to be stated

amounts, etc.; and again, "if said injuries" shall not wholly disable the insured, the indemnity shall be paid in a prescribed manner. And in other clauses there are different stipulations in reference to the indemnity, preceded by the words, "If·said injuries." The clause containing the stipulation upon which the present suit is based follows all of these clauses. It is argued, because there is in that clause the expression, "This policy shall *also,* in consideration of the premiums, insure the person so named as beneficiary against disability and death," etc., that all stipulations preceding this clause are carried into it, and authorize a claim of indemnity in the event of the death or disability of the beneficiary under the same conditions where such claim could be made by the insured himself; that the subject-matter of the policy is indemnity against death or disability by accidental means of every character, except those expressly excepted, of both the insured and the beneficiary; and that when the policy is construed as a whole, the insured is indemnified against the death or disability of himself, and also against the death or disability of the beneficiary. We can not agree to this view. While we recognize the rule that a policy of insurance must be construed most strongly against the insurer, still the words of the policy must be given the meaning which they ordinarily bear; and where it is manifest that it was the intention of the insurer that liability should attach only in given circumstances, the law will uphold the contract according to its true intent and import. We do not think there is any ambiguity whatever in the clause of the policy providing for indemnity resulting from death or disability of the beneficiary. Nor do we think that there is any stipulation in the policy which can be properly held to vary or alter the plain and evident meaning of the terms in this clause. The writing being unambiguous, parol evidence as to what was said by the parties at the time it was executed will not be admitted to vary or alter the terms of the writing. The petition set forth no cause of action, and was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*