## 24324. Briscoe v. Pool.

Sutton, J. 1. The true owner of personal property, which has been stolen from him, may maintain an action in trover against one who purchases the property from another and pays to that person the purchase-price, although the defendant has no knowledge that the property has been stolen and in good faith believes that the person selling the property to him had the right to dispose of it; and the subsequent sale of the property by the defendant to a third person, before the acquisition of any knowledge that it was stolen property, constitutes a conversion. *Flannery* v. *Harley*, 117 *Ga.* 483 (43 S. E. 765); *Haas & Howell* v. *Godby*, 33 *Ga. App.* 218 (125 S. E. 897); *National Bank of Tifton* v. *Piland*, 22 *Ga. App.* 471 (96 S. E. 341); *Sappington* v. *Rimes*, 21 *Ga. App.* 810 (95 S. E. 316); *Liptrot* v. *Holmes*, 1 *Ga.* 381, 391; *Pease* v. Smith, 61 N. Y. 477; Civil Code (1910), §§ 4481, 4482, 4483. See also *Miller* v. *Wilson*, 98 *Ga.* 567 (25 S. E. 578, 58 Am. St. R. 319); *Bush* v. *Ogletree*, 38 *Ga. App.* 55 (142 S. E. 463).

(*a*) Upon the trial of such a proceeding, the trial judge did not err in instructing the jury: "If you believe the property was stolen from the plaintiff, and it was his property, and was bought by Mr. Briscoe [the defendant] from the man who stole it, the plaintiff would be entitled to

recover the full market value of the cotton on the date Mr. Briscoe purchased it, regardless of whether Mr. Briscoe sold the cotton before he was notified that it had been stolen." See also *Foster* v. *Brooks*, 6 *Ga.* 287; *Holmes* v. *Langston*, 110 *Ga.* 861, 867 (36 S. E. 251); Civil Code (1910), § 4514.

(b) The court did not err in charging the jury that if the defendant bought the cotton from the person that stole it from the plaintiff, and had it in his possession, and then if the defendant disposed of the cotton thereafter, the plaintiff would still be entitled to recover. *M. D. & S. R. Co.* v. *Heard Bros.*, 27 *Ga. App.* 382 (108 S. E. 481); *Branch* v. *Planters Loan & Savings Bank*, 75 *Ga.* 342.

(c) While no demand and refusal was necessary to be shown as a condition precedent in this case, the record discloses that the plaintiff demanded the cotton of the defendant, and that the defendant failed and refused to deliver the same or its proceeds to the plaintiff. See *Bush* v. *Ogletree*, supra.

2. The evidence authorized the verdict in the plaintiff's favor for the amount of $255.87, this being the market value of the cotton at the time the defendant purchased from the person who had stolen it from the plaintiff, and the trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 12, 1934.

A. M. *Kelly*, for plaintiff in error.
A. J. *Henderson*, D. M. *Pollock*, contra.