## 35754. HANOVER FIRE INS. CO. OF NEW YORK
## *v.* SCROGGS.

Decided July 12, 1955—Rehearing denied July 25, 1955.

*Wheeler, Robinson & Thurmond, A. C. Wheeler, R. F. Schuder,* for plaintiff in error.

*Stow & Andrews, Robert E. Stow,* contra.

TOWNSEND, J. ■ In an action on an insurance policy, the proof that the car was stolen makes out a prima facie case for recovery under policy provisions insuring against theft (*Staten v. General Exchange Ins. Corp. of New York,* 38 *Ga. App.* 415, 144 S. E. 53), and the burden of proving that the defendant is not liable because the loss falls within the terms of an exclusion clause is upon the defendant. *North British &c. Ins. Co. v. Mercer,* 90 *Ga. App.* 143 (82 S. E. 2d 41). Accordingly, the fact that the petition (which alleged the policy, the theft, and that the theft came within the terms of the policy, but which did not set out evidentiary matter as to how the theft occurred) stated a cause of action, does not establish the law of the case in such manner as

to preclude the defendant from establishing as a defense that the circumstances of the taking did in fact place it within the terms of an exclusion clause.

■ The policy of insurance contained the following provision: "7. Exclusions. The policy does not apply. . . (d) Under any coverage—to loss resulting from either the insured voluntarily parting with title and possession of any automobile if induced so to do by any fraudulent scheme, trick, device, false pretense, or from embezzlement, conversion, secretion, theft, larceny, robbery or pilferage committed by any person including any employee, entrusted by the insured with either custody or possession of the automobile." While clauses in insurance contracts, where doubtful or ambiguous, should be construed most strongly against the insurer (*Penn Mutual Life Ins. Co.* v. *Childs*, 65 *Ga. App.* 468, 16 S. E. 2d 103; *Mayes* v. *Washington National Ins. Co.*, 77 *Ga. App.* 638, 49 S. E. 2d 123), nevertheless unambiguous provisions should be given their plain and reasonable intendment. *Aetna Life Ins. Co.* v. *Padgett*, 49 *Ga. App.* 666, 669 (176 S. E. 702) ; *Wheeler* v. *Fidelity & Cas. Co.*, 129 *Ga.* 237, 240 (58 S. E. 709). There is no ambiguity in the above quoted clause, and the contention that the words "voluntarily parting with both title and possession of any automobile" are applicable to that part of the provision which begins "or from embezzlement, conversion," etc., is not tenable, not only because the words "or from" separate the two parts of the sentence in the disjunctive, but also because to so interpret it would render the last part absolutely meaningless. One does not part with title as the result of conversion, theft, larceny, robbery, and so on. *Briscoe* v. *Pool,* 50 *Ga. App.* 147 (177 S. E. 346).

Accordingly, the defendant insurance company here might defend by showing that the loss resulted from conversion by a person entrusted with custody of the automobile, and would not have to show further that the plaintiff had parted with his title.

■ Upon the trial of the case, the undisputed evidence was to the effect that the plaintiff, an automobile dealer trading under the name of Gate City Motor Company, went to another city and left a salesman at his place of business to manage it for him until his return; that such manager attempted to sell the automobile in question to a person whom he supposed to be a

prospective purchaser and permitted such person to drive it away from the premises, thinking he was trying it out; and that the car was never returned and was found some time later in New York so damaged by collision as to be completely worthless. Such evidence is amply sufficient to authorize the finding of an intent to steal on the part of the person going off with the vehicle. *Martin* v. *State,* 123 *Ga.* 478 (51 S. E. 334); *C. L. Fain Co.* v. *Baltimore American Ins. Co.,* 81 *Ga. App.* 105 (57 S. E. 2d 879). Under these conditions, the plaintiff did not part with possession of the automobile, but he did part with its custody. See McConnell *v.* Fireman's Fund Ins. Co. of San Francisco, 178 Fed. 2d 76; Tripp *v.* U. S. Fire Ins. Co. of New York, 141 Kans. 897 (44 Pac. 2d 236). By allowing the driver to leave the lot with the car for the purpose, as he supposed, of trying it out, he entrusted him with the custody of the vehicle for this purpose. Accordingly, the facts of the case fall squarely within the exclusion clause to the effect that the loss is one excluded from the terms of the policy as being a conversion by a person entrusted with the custody of the vehicle.

The trial court erred in denying the motion for judgment notwithstanding the verdict. In view of this ruling, it is not necessary to consider the remaining assignments of error.

*Judgment reversed with direction that the trial court enter judgment for the defendant in accordance with what is herein held. Gardner, P. J., and Carlisle, J., concur.*