TATE, Judge.
Plaintiff appeals from judgment dismissing his claim for a loss of $1,409.20 caused by the theft of a 1957 Mercury automobile belonging to him. The issues of this appeal have been ably and correctly disposed of by our learned brother of the trial court, whose opinion as set forth below we do herewith adopt as our own:
“Plaintiff, an automobile dealer, attempts to collect from his automobile theft insurer the damages which he suffered when one A. H. Valentine absconded with an automobile on or about January 23, 1957. The defendant, the insurer, has denied that there was coverage in this case under an exclusion clause which reads as follows, to-wit:
“ ‘The policy does not apply under any coverage — to loss resulting from either the insured voluntarily parting with title and possession of any automobile if induced so to do by any fraudulent scheme, trick, device, false pretense, or from embezzlement, conversion, secretion, theft, larceny, robbery or pilferage committed by any person, including any employee, entrusted by the insured with either custody or possession of the automobile.’ (Emphasis added.)
“At the trial of the case it developed that Valentine contacted plaintiff on January 22, 1957, for the purpose of buying an automobile and during the latter part of the afternoon of that date they apparently agreed upon a purchase price whereupon plaintiff’s employee, Donald Launey, drew up the necessary papers to pass title to Valentine but he testified that the papers were never delivered. At the same time Valentine wrote out a check for the purchase price of the automobile on a Beaumont, Texas, bank but at the time of these transactions, the Beaumont bank was closed so that it- was impossible to ascertain whether there were sufficient funds in said bank in Valentine’s name to cover the check. Accordingly, plaintiff turned the automobile over to Valentine advising him to return the next morning so that the transaction could be completed.
“The testimony further revealed that Valentine phoned plaintiff the following morning advising him that he was not certain that there were sufficient funds in the bank to cover the check and Mr. Dupre thereupon advised Mr. Valentine to return the automobile to the garage. After the passage of about one hour and the automobile not having been returned, Mr. Dupre instructed Launey to proceed to the tourist coui;ts at which Valentine was staying to get the car and upon his arrival, it was learned that Valentine had departed with the automobile. Months later it was found in the State of Mississippi and returned to plaintiff at expenses to him for which he seeks recovery herein.
“Defendant urges that the second clause is applicable because Valentine was a per *167 son ‘entrusted by the insured with either custody or possession of the automobile.’
“Counsel has been unable to find any cases in Louisiana interpreting the clause in question. Counsel for defendant found cases in other jurisdictions interpreting this very same clause and the court was referred to the annotation contained in 48 A.L.R.2d 8 and particularly Section 35 thereof which begins on page 95. It will be seen that the cases of Hanover Fire Insurance Company of New York v. Scroggs, 1955, 92 Ga.App. 548, 88 S.E.2d 703 and Pacific Indemnity Co. v. Harrison, Tex.Civ.App.1955, 277 S.W.2d 256, presented facts remarkably similar to the ones in this case and particularly the Pacific Indemnity Company case. The reasoning of those two cases is applicable here.
“On the authority of the cases cited above there can be no doubt but that the custody and actual possession of the automobile were placed in the prospective buyer by the plaintiff which leads us to a consideration of whether Valentine had been ‘entrusted’ by the insured with possession or custody of the automobile.
“In the Pacific Indemnity case, supra, the court held that the definition of that word meant ‘giving the purported purchaser the possession of the car (with) a certain confidence regarding his care, use, or disposal of it.’ The same definition will be found in Black’s Law Dictionary at page 1005. Certainly if Dupre did not entrust this automobile with Valentine, we cannot imagine any situation in which the word would be applicable within the meaning of the clause in question.
“Realizing that the exclusionary clause is applicable here, plaintiff seeks to avoid it by saying that it ceased to become effective when plaintiff told Valentine on the following morning to return the automobile to his garage. It is stated that when Mr. Dupre called, the entrustment in the purchaser was immediately revoked. If that were true, Dupre would not have told Valentine to return the automobile but would have immediately • sent someone to get it instead of waiting for an hour, which certainly exhibited confidence that Valentine would return the automobile and therefore the custody and entrustment con-, tinued.
“Furthermore, we cannot imagine a situation in which a person is entrusted with the possession or custody of an automobile when it is not at least tacitly, if not expressly, understood that the automobile would be returned to the custody and, possession of the owner at a certain specified time just as in the Pacific Indemnity Company case the prospective purchaser,, was directed to return the automobile the following morning. In this case Valentine had already been instructed by Dupre to; bring the car to his garage the following morning to complete the transaction and, simply because he reiterated that instruction the next morning does not alter ,the situation. The fact of the matter remains that the custody and possession of the automobile was in Valentine and had been placed there by Dupre voluntarily and with ‘a certain confidence respecting his care,’ use and disposal’ of it. Surely, if Dupre had not had confidence that Valentine would return the automobile to his garage, he would immediately have phoned the police to advise them that Valentine had an automobile belonging to him and that he feared that Valentine would dispose of it before returning it to the garage. This,’ Dupre did not do but instead instructed Valentine to bring the car back to him: Surely, that action evidenced confidence in Valentine’s returning his automobile to his1 garage. In other words, Dupre was simply' reiterating his instructions of-the previous afternoon.
“The exclusion in the insurance policy cited by defendant applies and, therefore, plaintiff’s demands are refused.”
We may add that,-as contended by counsel for appellee, the present wording of, the exclusion clause seems expressly designed to avoid a construction thereof that *168 the initial entrustment of physical custody is terminated for purposes of the policy exclusion by a failure to return the vehicle to the owner at the expiration of the contemplated time or upon (as here) the latter’s telephoned request.
Under the clause in the form initially involved in litigation, which simply excluded loss when the insured voluntary parted with “title or possession” whether through fraud or otherwise, the courts held almost unanimously that such an exclusion “does not preclude recovery from the insurer where the owner of the automobile had merely placed its custody temporarily with another person for a specific purpose such as shelter or repair [or for demonstration by a potential customer], without intending an actual transfer of possession”, Annotation, “Construction and application of provision of automobile theft policy regarding voluntary parting with title or possession”, 109 A.L. R. 1080, 1081.
This construction was based upon the broad meanings assignable to the legal concept of “possession”, according to which the owner could retain constructive possession of the property although parting with the physical custody thereof. Nichols v. Iowa Mutual Ins. Co., 232 La. 856, 95 So.2d 338. In such jurisprudence there is thus a well recognized distinction between the owner’s continued legal possession as contrasted with and including the temporary custody of the vehicle given to another without the owner’s parting with the legal possession thereof. Blashfield’s Automobile Law, Vol. 6, Part 1 (1945 Ed.), Sections 3524 (p. 146), 3717 (p. 324), and 3723 (p. 336).
The broadening of the clause so as to exclude also theft committed by any person “entrusted by the insured with either custody or possession of the automobile” must therefore, in the light of this prior jurisprudence, be regarded as intended to exclude all such losses resulting from the acts of any person to whom the physical custody of the vehicle is initially entrusted, even though his legal right to continued physical detention ceases. Thus, in the present instance, the action of the insured in ordering the prospective customer to return the car which he subsequently stole did not terminate such individual’s “custody” of the vehicle so as to avoid the application of the exclusion clause.
For the foregoing reasons, the judgment of the trial court dismissing plaintiff’s suit is affirmed.
Affirmed.