R. Kenneth MILBURN, d/b/a Ken Milburn Ford, Plaintiff in Error,

v.

FEDERATED MUTUAL IMPLEMENT AND HARDWARE INSURANCE COMPANY OF OWATONNA, MINNESOTA, Defendant in Error.

No. 38609.

Supreme Court of Oklahoma.

Feb. 9, 1960.

Ritter & Collins, by T. Fred Collins, Ardmore, for plaintiff in error.

W. J. Williams, Williams, Williams & Williams, Ardmore, for defendant in error.

JOHNSON, Justice.

This action was commenced by R. Kenneth Milburn, d/b/a Ken Milburn Ford, against the Federated Mutual Implement and Hardware Insurance Company of Owatonna, Minnesota, to recover for the claimed loss of an automobile allegedly covered by the company's policy.

The amended petition alleged payment of the premium and issuance of a policy to plaintiff which, among other things, con-

tained an exclusion clause. This exclusion clause provided:

"The Policy Does Not Apply: Under any coverage—to loss resulting from either the insured voluntarily parting with title and possession of any automobile as induced so to do by any fraudulent scheme, trick, device, false pretense, or from embezzlement, conversion, secretion, theft, larceny, robbery or pilferage committed by any person including any employee, entrusted by the insured with either custody or possession of the automobile."

The petition in substance further alleged that while the policy was in force one John Lawrence Lewis contrived and designed a fraudulent scheme to defraud the plaintiff out of an automobile, wherein he, on the false pretense of purchasing a new automobile from the plaintiff, through a fraudulent scheme caused the plaintiff to let him have a new automobile, including constructive possession and custody; that by reason thereof and on account of the larceny committed by Lewis, the plaintiff sustained the loss of a new car valued at $3,990; that proof of said loss was made but that the defendant refused to pay the said amount due the plaintiff under the terms of the policy.

The petition closed by the usual prayer for relief.

A demurrer to the petition was interposed by the defendant company. The demurrer was sustained, resulting in this appeal.

Plaintiff's contention is that the loss sustained by him as the insured resulted from larceny, and larceny not being possible to commit under the law of Oklahoma in the manner defined by the exclusion clause of the policy, coverage should be afforded the insured. On the other hand, the defendant contends that where an insured voluntarily parts with the custody or control of an automobile he cannot recover for its theft by the person to whom he entrusted the automobile under an insurance policy which provides that "the policy does not apply under any coverage to loss resulting from either the insured voluntarily parting with title and possession of any automobile as induced so to do by any fraudulent scheme, trick, device, false pretense, or embezzlement, conversion, secretion, theft, larceny, robbery or pilferage committed by any person including any employee entrusted by the insured with either custody or possession of the automobile."

The plaintiff's petition shows, without question, that he gave Lewis possession and custody of the automobile though induced to do so by a fraudulent scheme, thus, in our opinion, invoking the terms of the "Exclusion Clause."

The "Exclusion Clause" herein, so far as we have been able to determine from the briefs filed in the case and our independent research, has never been construed by this court. Other jurisdictions, however, have construed and applied the applicable rules of law to "Exclusion Clauses" identical or similar to the one in question herein.

In the case of Hanover Fire Insurance Company of New York v. Scroggs, 92 Ga. App. 548, 88 S.E.2d 703, 705, the court in construing an identical "Exclusion Clause" to the one under consideration herein, said:

"While clauses in insurance contracts, where doubtful or ambiguous, should be construed most strongly against the insurer, Penn Mutual Life Ins. Co. v. Childs, 65 Ga.App. 468, 16 S.E.2d 103; Mays v. Washington Nat'l. Ins. Co., 77 Ga.App. 638, 49 S.E. 2d 123, nevertheless unambiguous provisions should be given their plain and reasonable intendment. Aetna Life Ins. Co. v. Padgett, 49 Ga.App. 666, 669, 176 S.E. 702; Wheeler v. Fidelity & Casualty Co., 129 Ga. 237, 240, 58 S.E. 709. There is no ambiguity in the above quoted clause, and the contention that the words 'voluntarily parting with both title and possession of any automobile' are applicable to that part of the provision which begins 'or from embezzlement, conversion,'

etc., is not tenable, not only because the words 'or from' separate the two parts of the sentence in the disjunctive, but also because to so interpret it would render the last part absolutely meaningless. One does not part with title as the result of conversion, theft, larceny, robbery, and so on. Briscoe v. Pool, 50 Ga.App. 147, 177 S.E. 346. Accordingly, the defendant insurance company here might defend by showing that the loss resulted from conversion by a person entrusted with the custody of the automobile, and would not have to show further that the plaintiff had parted with his title."

In that case an automobile salesman had permitted a person to take an automobile for the purpose of trying it out, and in referring to that situation the court said:

"By allowing the driver to leave the lot with the car for the purpose, as he supposed, of trying it out, he entrusted him with the custody of the vehicle for this purpose. Accordingly, the facts of the case fall squarely within the exclusion clause to the effect that the loss is one excluded from the terms of the policy as being a conversion by a person entrusted with the custody of the vehicle. The trial court erred in denying the motion for judgment notwithstanding the verdict."

More authority for such construction is to be found in the case of Pacific Indemnity Co. v. Harrison, Tex.Civ.App., 277 S.W.2d 256. In that case a person purchased a used automobile from a dealer and gave a worthless check in payment for the car. The purported buyer was to return the next day for the title to the car, but he disappeared and was never heard of thereafter. The dealer had a policy of insurance containing an "Exclusion Clause" identical to the one in controversy herein. The court on rehearing found that the loss was excluded by this provision. See also Baxter Motors v. Iowa Hardware Mutual Ins. Co., 15 Ill. App.2d 524, 146 N.E.2d 797; Jacobson v. Aetna Casualty & Surety Co., 233 Minn. 383,

46 N.W.2d 868; Nelson v. Pennsylvania Fire Ins. Co., 154 Neb. 199, 47 N.W.2d 432, and Hartford Fire Ins. Co. v. Tubb, 5 Cir., 242 F.2d 921, which cases are to the same effect.

Under the foregoing authorities and for the reasons given herein, the judgment of the trial court is affirmed.