WATERS MOTOR COMPANY, Appellant, v. GRAIN DEALERS
MUTUAL INSURANCE COMPANY, Respondent.

*November 29, 1960—January 10, 1961.*

For the appellant there was a brief by *Orr, Isaksen, Werner & Lathrop* of Madison, and oral argument by *Trayton L. Lathrop*.

For the respondent there was a brief by *Swingen, Stern & Lenahan,* attorneys, and *Lawrence E. Hart* of counsel, all of Madison, and oral argument by *Mr. Hart*.

DIETERICH, J. The only issue presented on this appeal is whether the plaintiff is precluded from recovery for theft of the automobile under the exclusion clause contained in the rider attached to the automobile policy.

The defendant-respondent insurance company issued to the plaintiff-appellant an automobile dealers' policy of insurance insuring its automobiles. The insurance policy is in the same form as many ordinary policies covering individual automobile owners. There is attached to the policy a rider entitled "Automobile Dealers' Open Policy—Monthly Reporting Form 'A'."

In the insuring agreement of the policy there is a covenant entitled "Coverage D—Theft (Broad Form)," wherein the company agrees "to pay for loss of or damage to the automobile, hereinafter called loss, caused by theft, larceny, robbery, or pilferage."

Item 4 of the declarations on the first page of the policy provides a place to insert the automobile covered by the policy. This particular item is not completed and the policy accordingly does not describe any particular automobile.

The rider attached to the policy contains an exclusion clause, which provides:

"(d) Under any Coverage—to loss resulting from either the insured voluntarily parting with title and possession of any automobile if induced so to do by any fraudulent scheme, trick, device, false pretense, *or from embezzlement, conversion, secretion, theft, larceny,* robbery, or pilferage *committed by any person* including any employee, *intrusted by the insured with either custody or possession of the automobile."* (Emphasis supplied.)

The disjunctive word "or," as used in the policy, sets forth two separate types of exclusion: (1) To loss resulting from either the insured's voluntarily parting with title and possession . . . if induced . . . by any fraudulent scheme, trick, device, false pretense, *or* (2) to loss resulting from embezzlement, conversion, secretion, theft, larceny, . . . committed by any person intrusted by the insured with either custody or possession of the automobile.

The disjunctive word "or" as used in the exclusion clause connects a series of words or conditions and a construction of the policy which gives effect to every word is preferable to one which does not. *Dore v. Glenn Rock Mineral Spring Co.* (1911), 147 Wis. 158, 132 N. W. 906, and *Lontkowski v. Ignarski* (1959), 6 Wis. (2d) 561, 95 N. W. (2d) 230.

In the instant case the plaintiff intrusted the automobile to the prospective purchaser and gave him custody and possession. Even though such custody and possession was obtained by false pretenses or false representations, the loss to the plaintiff occurred as a result of theft, larceny, or conversion.

The exclusion clause is set forth in the rider to the policy in plain and concise language and this court will not under the guise of strict construction against the company rewrite a policy of insurance so as to bind the insurer to a risk which it was unwilling to cover and for which it was not paid. *Dinkin v. American Ins. Co.* (1954), 268 Wis. 138, 66 N. W. (2d) 681, *Heinen v. Home Mut. Casualty Co.*

(1958), 5 Wis. (2d) 282, 92 N. W. (2d) 836, and *Lont-kowski v. Ignarski, supra.*

The plaintiff contends that one who gains possession of an article by trick is deemed guilty of larceny at common law. This court is not concerned with the common-law concept of larceny. Theft and larceny under our statutes are coextensive in meaning and have been combined. The statute in effect at the time of the issuance of the policy and rider covering the automobile is sec. 943.20, Stats. 1955, which provides:

"943.20 THEFT. (1) Whoever does any of the following may be penalized as provided in sub. (3):

"(a) Intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of such property. . . .

"(2) *Definitions.* In this section:

"(a) 'Property' means all forms of tangible property, whether real or personal, without limitation including electricity, gas, and documents which represent or embody a chose in action or other intangible rights.

"(b) 'Movable property' is property whose physical location can be changed, without limitation . . ."

On substantially analogous facts, recovery has been denied under similar exclusion clauses. *Pacific Indemnity Co. v. Harrison* (Tex. Civ. App. 1955), 277 S. W. (2d) 256; *Hanover Fire Ins. Co. v. Scroggs* (1955), 92 Ga. App. 548, 88 S. E. (2d) 703; *Grady Motors Corp. v. Travelers Fire Ins. Co.* (D. C., D. C. 1957), 147 Fed. Supp. 290; *Baxter Motors v. Iowa Hardware Mut. Ins. Co.* (1958), 15 Ill. App. (2d) 524, 146 N. E. (2d) 797; *Dupre v. Western Assurance Co.* (La. 1959), 112 So. (2d) 165; and *Milburn v. Federated Mut. Implement & Hardware Ins. Co.* (Okla. 1960), 349 Pac. (2d) 644.

The order of the trial court sustaining the demurrer and the judgment entered thereon is affirmed.

*By the Court.*—Order and judgment affirmed.