## 39228. RESERVE INSURANCE COMPANY v. INTERURBAN TRANSIT LINES.

DECIDED JANUARY 29, 1962—REHEARING
DENIED FEBRUARY 8, 1962.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* for plaintiff in error.

*Harris, Chance, McCracken & Harrison, Henry, T. Chance,* contra.

JORDAN, Judge. 1.   If a person obtains possession of property of another by trick or fraud, or under false pretense of bailment, with intent to appropriate the property to his own use, and the owner intends to part with possession only of the property, the possession is obtained unlawfully, and the subsequent appropriation in pursuance of the original intent is larceny.   *Great American Ins. Co. v. Gusman,* 80 Ga. App. 471 (1)  (56 SE2d 319) ; *Martin v. State,* 123 Ga. 478 (51 SE 334) ; *Kelley v. State,* 24 Ga. App. 155 (2)  (100 SE 23) ; *McNatt v. State,* 27 Ga. App. 642 (2) (109 SE 514) ; *Kent v. State,* 66 Ga. App. 147 (1)  (17 SE2d 301).

Clearly under the allegations of the instant petition, the appropriation of the plaintiff's automobile by the fraudulent conduct of the alleged thief was a loss caused by theft or larceny within the coverage of the instant policy, and was not among the risks excepted in the exclusion clause.   *Great American Ins. Co. v. Gusman,* 80 Ga. App. 471, supra; *American Fire &c. Co. v. Barfield,* 81 Ga. App. 887 (60 SE2d 383).

In these cases it was held that the provisions of exclusion clauses, substantially the same as the exclusion clause in the instant policy, in policies of automobile theft insurance, excepted from the risks covered, the loss of an automobile due to conversion, embezzlement or secretion of the automobile by one *who had acquired some interest in the property* under a bailment lease, conditional sale, mortgage or other encumbrance.

The loss of the automobile in this case was not "due to conversion, embezzlement or secretion by any person in possession of the automobile under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance," as provided in the exclusion clause; for, under the allegations of the petition, the original taking was unlawful and constituted a theft or larceny (the terms theft and larceny being synonymous under the statutes of this State. *Hartford Fire Ins. Co. v. Wimbish,*

12 Ga. App. 712, 78 SE 265); and the alleged thief thereby acquired no interest in the automobile under the forged instrument.

The case of *Hanover Fire Ins. Co. v. Scroggs,* 92 Ga. App. 548 (88 SE2d 703), relied upon by the defendant insurance company, is clearly distinguishable from the instant case; for in that case, the exclusion clause in the policy under consideration excepted from the risks covered "loss resulting from either the insured voluntarily parting with title and possession of any automobile if induced so to do by any fraudulent scheme, trick, device, false pretense, or from embezzlement, conversion, secretion, theft, larceny, robbery or pilferage committed by any person including any employee, entrusted by the insured with either custody or possession of the automobile."

The petition therefore stated a cause of action, and the trial court did not err in overruling the general demurrers.

2. The allegation in paragraph 11 of the petition, charging the defendant with "fraudulent conduct" was a mere general allegation of fraud without specifying issuable facts constituting fraud, which "amounts to nothing" (*Regenstein v. J. Regenstein Co.,* 213 Ga. 157, 161, 97 SE2d 693); and the trial court erred in overruling the fourth ground of the defendant's demurrers, which demurred specially to said allegation. The remaining ground of the special demurrers was without merit.

*Judgment affirmed in part and reversed in part. Nichols, P. J., and Frankum, J., concur.*