514 P.2d 782 (1973)
OUTWEST BEAN, INC., a Colorado corporation, Plaintiff-Appellee,
v.
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois corporation licensed to do business in the State of Colorado, Defendant-Appellant.
No. 72-258.
Colorado Court of Appeals, Div. I.
July 31, 1973.
Rehearing Denied August 28, 1973.
William A. Sheppard, Jr., Northglenn, for plaintiff-appellee.
Yegge, Hall & Evans, James C. Perrill, Denver, for defendant-appellant.
Not Selected for Official Publication.
PIERCE, Judge.
Plaintiff brought this action against National Fire Insurance Company of Hartford (National) to recover for loss of property incurred by plaintiff in the course *783 of its business, under the terms of a policy of insurance issued by National to plaintiff. National denied liability under the policy, contending that the loss in question was specifically excepted from coverage. The trial court entered judgment for plaintiff, and National appeals.
The chain of events occasioning this lawsuit began when plaintiff received an order for two truckloads of pinto beans from a Texas corporation. To fill the order, plaintiff placed an order with the Fowler Cooperative Association in Fowler, Colorado, for one truckload of the beans and an order for the other truckload with Allen V. Smith, Inc., of Greeley, Colorado. Plaintiff then contracted Bud's Truck Service Brokerage, Inc., a shipping broker, to arrange drayage of the beans from Colorado to the Texas customer. Bud's Truck Service complied with plaintiff's request and reported that Pre-Fab Homes of Dallas, Texas, had two trucks going from Colorado to San Antonio, Texas. Plaintiff then contacted Allen V. Smith, Inc., and Fowler Cooperative Association and informed them that these trucks would pick up the orders and deliver them to the Texas purchaser.
A driver of a truck, purporting to belong to Pre-Fab Homes, appeared at the Fowler Cooperative Association, and had his truck loaded by them. The driver of that truck had his head and face completely covered with bandages except for his eyes and mouth, and he stated that he had been burned. The trailer of the other truck appeared at the loading dock of Allen V. Smith, Inc., sometime during the night or early morning hours, and, during working hours, the manager of the warehouse received a phone call from a person purporting to be the truck driver who stated that his tractor was in need of repair and that he would pick up the trailer as soon as repairs could be completed. Allen V. Smith, Inc., loaded the trailer, and the following morning, it was gone. No trace of either truck, the beans, nor the drivers has ever been found. Nor, apparently, is there any firm known as Pre-Fab Homes of Dallas.
National, relying on the following portions of the insurance policy, contends that it need not indemnify plaintiff for its loss: "PARAGRAPH 4, PERILS NOT COVERED: This policy does not insure against any loss caused by or resulting from: ...
(d) Infidelity or any dishonest act committed alone or in collusion with others, by any named insured, partner, joint adventurer, officer, director, trustee or employee of the insured or by person or persons to whom the property may be entrusted (carriers for hire excepted);
(e) Insureds voluntarily parting with title or possession of any property, if induced to do so by any fraudulent scheme, trick, device or false pretense;"....
We agree with defendant that the exception outlined in (e) precludes recovery under the policy, and we reverse.
It cannot be disputed that possession of these beans was voluntarily parted with as a result of a fraudulent scheme. Plaintiff, however, contends that it was not a fraudulent scheme that induced them to part with the beans, but rather, a legitimate order placed by a legitimate client, which was unfortunately subverted by an intervening cause. The argument is that this technical interpretation of the facts removes the incident from the realm of the policy exclusion. We decline to adopt such a restrictive interpretation of this clause.
It has been held that a clause of the nature in question applies to both the named insured and its representatives or agents. David R. Balogh, Inc. v. Pennsylvania Millers Mutual Fire Insurance Co., 5 Cir., 307 F.2d 894; See also Milburn v. Federated Mutual Implement & Hardware Insurance Co., 349 P.2d 644 (Okl.). On the facts before us, Fowler Cooperative Association and Allen V. Smith, Inc., were plaintiff's representatives and in that capacity entrusted possession of the beans to the parties responsible for the fraudulent scheme. This falls squarely within the *784 terms of the contract provision, and therefore, recovery under the policy should have been denied. The prohibition of Paragraph 4(e) being dispositive of this matter, we need not discuss the other points of error raised by appellant.
Judgment reversed.
SILVERSTEIN, C.J., and COYTE, J., concur.