CHAWALIT PHAHOLYOTHIN et al., Plaintiffs-Appellants, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)    No. 81-1089

Opinion filed February 1, 1982.

William Butcher, of Melrose Park, for appellants.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (Victor J. Piekarski and Glen E. Amundsen, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Chawalit and Chaunpim Phaholyothin (plaintiffs) brought this action against State Farm Mutual Automobile Insurance Company (defendant) to recover upon an automobile insurance policy between the parties. The trial court granted defendant's motion to dismiss. Plaintiffs appeal.

The well-pleaded and pertinent facts alleged in plaintiffs' complaint are "accepted as true." (Soules v. General Motors Corp. (1980), 79 Ill. 2d 282, 284, 402 N.E.2d 599.) On or about October 3, 1979, a person representing himself as "Curtis Benson" indicated he would purchase plaintiffs' 1976 Datsun automobile for $5,200. On October 4, 1979, "Curtis Benson" gave plaintiffs a check which purported to be, on its face, a cashier's check executed by an officer of the United States Steel Corporation Credit Union payable to plaintiff Chawalit Phaholyothin in the amount of $5,200. "Benson" represented that he was employed by the United States Steel Corporation and maintained an account with the credit union. Therefore, plaintiffs delivered the vehicle and its title to "Benson." On October 16, 1979, plaintiffs discovered the representations made to them by "Benson" were false and the check given them had been stolen and its signature forged.

During this time, an insurance policy issued by defendant to plaintiffs remained in effect. This policy provided the following coverage:

"1. Loss to Your Car. We [defendant] will pay for *loss* to *your car* * * *.

Breakage of glass, or *loss* caused by missles, falling objects, fire, theft, larceny, * * * is payable under this coverage."

Plaintiffs further alleged defendant had refused to act upon this policy, resulting in damages to the plaintiffs' car when ultimately recovered and other damage in the amount of $3,258.82.

Defendant filed a motion to strike and dismiss the complaint. Defendant did not deny the policy to be in effect during the period in question. However, defendant contended the following exclusionary clause in the policy precluded any liability in this situation:

"THERE IS NO COVERAGE FOR:
* * *

3. LOSS TO ANY VEHICLE DUE TO:
* * *

d. CONVERSION, EMBEZZLEMENT OR SECRETION BY ANY PERSON WHO HAS THE VEHICLE DUE TO ANY LIEN, RENTAL OR SALES AGREEMENT."

In this court, plaintiffs contend the trial court erred in dismissing their complaint. Plaintiffs argue the above exclusionary clause did not relate to the type of loss they incurred.

The parties agree a provision of this type has not been examined by reviewing courts of Illinois. We have examined the cases from other jurisdictions cited by plaintiffs and believe several of them to be relevant to the facts before us. In *Modern Sounds & Systems, Inc. v. Federated Mutual Insurance Co.* (1978), 200 Neb. 46, 262 N.W.2d 183, the plaintiff transferred title and possession of an automobile to one McMillon in exchange for a check for $10,200. The check was returned because of insufficient funds and was never paid. Plaintiff sought reimbursement from the defendant insurance company pursuant to a policy provision which provided for any loss "caused by theft or larceny." The court first noted no definition of either of those terms was found in the policy, and therefore construed the term "theft" to include "a loss caused by any unlawful or wrongful taking of the insured vehicle with criminal intent." 200 Neb. 46, 52, 262 N.W.2d 183, 187.

The *Modern Sounds & Systems, Inc.* court next considered the defendant's claim that coverage under the policy was precluded due to an exclusionary clause. The clause excluded coverage due to "loss or damage due to conversion, embezzlement or secretion by any person in possession of a covered automobile under a bailment lease, conditional sale, pur-

chase agreement, mortgage or other encumbrance." In finding this exclusion inapplicable to the facts of the case, the court stated:

"The transaction with McMillon was complete upon the contemporaneous exchange of his check for title and possession of the car. The exclusion clause is aimed at persons in possession under executory contracts and agreements in which two or more persons have concurrent legal interests in a car and not at a buyer in a completed sale. [Citations.]" 200 Neb. 46, 62, 262 N.W.2d 183, 187.

Additional cases cited by plaintiffs are in accord with the above holding, finding such an exclusionary clause inapplicable to the situation where an automobile was "sold" in exchange for a forged or otherwise insufficient check. (See *Edwards v. State Farm Mutual Automobile Insurance Co.* (Iowa 1980), 296 N.W.2d 804; *Farm Bureau Mutual Insurance Co. v. Carr* (1974), 215 Kan. 591, 528 P.2d 134; *Reserve Insurance Co. v. Interurban Transit Lines* (1962), 105 Ga. App. 278, 124 S.E.2d 498.) The courts in both *Edwards* and *Farm Bureau Mutual* found the exclusionary clauses referred to executory contracts. In *Reserve Insurance Co.*, the court specifically held the exclusionary clause did not apply as the original taking of the car "was unlawful and constituted a theft or larceny * * *." 105 Ga. App. 278, 280, 124 S.E.2d 498, 500.

Defendant relies on *Baxter Motors, Inc. v. Iowa Hardware Mutual Insurance Co.* (1958), 15 Ill. App. 2d 524, 146 N.E.2d 797. However, we find the holding in *Baxter* clearly distinguishable from the case before us. In *Baxter*, the plaintiff allowed a prospective purchaser to have possession of a used car before it was paid for in reliance on the representations by the alleged purchaser. Neither the buyer nor the automobile were ever located again. The plaintiff sought recovery from the defendant on the insurance policy issued by defendant. However, the court ruled this loss was excluded from the policy because of the following exclusionary clause:

" '(1) Loss resulting from the Insured voluntarily parting with title and possession of any automobile, if induced so to do by any fraudulent scheme, trick, device, false pretense; and

(2) Loss resulting from embezzlement, conversion, secretion, theft, larceny, robbery or pilferage committed by any person including any employee, entrusted by the Insured with either custody or possession of the automobile.' " (15 Ill. App. 2d 524, 526.)

In our opinion, this exclusionary clause is far broader than the one in the instant case. It expressly precludes coverage in cases involving fraud, trickery, or false pretenses as well as those involving the sort of theft or larceny which had occurred. Clearly, this exclusionary clause covers a far greater range of situations than does the clause in the instant case. Also, it

is clear and specific as to the types of transactions sought to be excluded from coverage.

Defendant urges that the language of the exclusion is clear and unambiguous and the taking of the automobile in the instant case was simply a conversion which thus brings the matter directly within the exclusion. However, plaintiffs also find no ambiguity in the exclusion but reach the opposite result. The courts of Illinois have defined an ambiguous writing as " 'one capable of being understood in more senses than one * * *.' " *Standard Steel & Wire Corp. v. Chicago Capital Corp.* (1975), 26 Ill. App. 3d 915, 919, 326 N.E.2d 33, quoting *First National Bank v. Victor Comptometer Corp.* (1970), 123 Ill. App. 2d 335, 341, 260 N.E.2d 99.

In our opinion this exclusion is not ambiguous. It appears to us that defendant has taken the manifestly erroneous position of seeking to determine the meaning of this clause simply and only by reference to the word "conversion." The entire clause and all language therein must be considered in evaluating its meaning. (See *St. Paul Fire & Marine Insurance Co. v. Frankart* (1977), 69 Ill. 2d 209, 216, 370 N.E.2d 1058.) Although the transfer of possession of the automobile in the instant case may be classified as a conversion, it definitely was not a conversion by a person who had "the vehicle due to any lien, rental or sales agreement" as required by the exclusion. And, although a conversion, the taking was definitely a theft. The policy itself specifically covers "theft." In the State of Illinois theft is specifically defined by statute as including control over property of an owner "by deception." Ill. Rev. Stat. 1979, ch. 38, par. 16—1(b).

Under these circumstances we are constrained to follow the cases cited by plaintiffs as above reviewed. We find the exclusionary clause not applicable to the facts in the case before us.

The order dismissing the plaintiffs' complaint is therefore reversed and the cause is remanded for further proceedings.

Judgment reversed; cause remanded.

McGLOON and O'CONNOR, JJ., concur.