HARRIS vs. THE STATE OF GEORGIA.

Where one, fraudulently representing himself to be the agent of another thereby gets possession of goods which the party delivering did no intend to sell to him, and the title to which such party did not intend to go into him, but the custody alone of the goods was entrusted to him, upon such fraudulent representation, for delivery of them to his alleged principal, and the goods are converted to his own use by the party so obtaining them, he is guilty of larceny.

October 12, 1888.

Criminal law. Larceny. Before Judge VAN EPPS.
City court of Atlanta. March term, 1888.

Reported in the decision.

F. R. WALKER, for plaintiff in error.

F. M. O'BRYAN, solicitor, for the State.

SIMMONS, Justice.

Joe Harris was convicted, in the city court of Atlanta,
of the offence of simple larceny in two cases. He made
a motion for a new trial in both cases, on the ground
that the verdict was contrary to the evidence. The
motion was overruled and he excepted.

The evidence in substance is as follows: Harris went
to the store of J. M. High and also to the store of John
Ryan's Sons, and represented to them that he was the
agent of Moore & Marsh, to buy certain dry-goods
boxes. They sold the boxes and made out the bill
against Moore & Marsh. They did not sell them to
Harris, or intend the title of the boxes to go into Harris.
They delivered him the possession of the boxes to be
carried to Moore & Marsh. He was not the agent of
Moore & Marsh, nor did they know anything about his
purchasing the boxes from High and Ryan's Sons.
Harris sold the boxes and appropriated the proceeds of
the sale to his own use. Counsel for Harris contend
that this state of facts does not constitute the crime of
simple larceny. We think it does. The rule is, that
"if one, meaning to steal another's goods, fraudulently
prevails on the latter to deliver them to him, under the
understanding that the property in them is to pass, he
commits neither larceny nor any other crime by the
taking, unless the transaction amounts to an indictable

cheat.   But if, with the like intent, he fraudulently gets leave to take possession only, and takes and converts the whole to himself, he becomes guilty of larceny; because, while his intent is thus to appropriate the property, the consent which he fraudulently obtained covers no more than the possession." 1 Bishop Crim. Law, §583, and authorities there cited. In this case, Harris fraudulently represented to High and Ryan's Sons that he was the agent of Moore & Marsh. They did not sell him the goods, nor did they intend the title to go into Harris; but they simply delivered him the custody of the goods, to be delivered by him to Moore & Marsh. He having converted the proceeds of the sale of the boxes to his own use, he was guilty of larceny. The title still remained in the vendor. Harris got the custody of the goods wrongfully and fraudulently.

Judgment affirmed.