## 17277.   CLIFTON v. THE STATE.

Per Curiam.   1. The general demurrer to the indictment was properly overruled.

2. Conceding that the court erred in overruling the special demurrer, it clearly appears from the record that the error was harmless, since the accused was already in possession of the very information called for by the demurrer. See *Wrightsville & Tennille R. Co.* v. *Vaughan,* 9 *Ga. App.* 371 (5) (71 S. E. 691).

3. It appears from the record that the ordinary of Lee county, Georgia, had jurisdiction to appoint the accused guardian for John J. Curry, that

Criminal Law, 16 C. J. p. 1180, n. 74; 17 C. J. p. 285, n. 4.

Embezzlement, 20 C. J. p. 458, n. 63; p. 486, n. 60.

the verdict was authorized by the evidence, and that none of the grounds of the amendment to the motion for a new trial show cause for a reversal of the judgment overruling the motion.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

### DECIDED MAY 12, 1926.

Indictment for embezzlement; from Sumter superior court—Judge Littlejohn. February 24, 1926.

Application for certiorari was denied by the Supreme Court.

*R. R. Forrester, Zach. Childers, Wallis & Fort,* for plaintiff in error.

*Jule Felton, solicitor-general, E. L. Forrester,* contra.

LUKE, J., dissenting. The indictment in this case alleges that J. D. Clifton, being the duly appointed and acting guardian of one John J. Curry, fraudulently and wilfully converted to his own use $4008.09, the same being money which came into his hands as such guardian, and that defendant failed to pay it to R. R. Green, the present duly appointed and acting guardian of said John J. Curry, after the defendant had been removed from said trust, said R. R. Green having made demand in writing on said J. D. Clifton for the payment of said money due and owing to said John J. Curry, which demand for payment was then and there refused by said J. D. Clifton. Defendant filed a general and special demurrer to the indictment, and exceptions pendente lite to the overruling of the same; and error is assigned thereon. The trial resulted in a conviction. The special demurrer to the indictment sets up that it does not "allege the nature of the guardianship, whether because John J. Curry was an infant or whether said John J. Curry was non compos mentis." I think the defendant was entitled to know the nature of the trust or guardianship that he was charged with violating. Our law defines various forms of trusts, and since it took a special delegated statute to make a breach of trust a crime, the nature of the trust should be defined ·in an indictment with equal particularity. In an early case, *Locke v. State,* 3 *Ga.* 540, the court said: "The requirement of the statute is that the offence must be so *plainly* stated that the juryman may *easily* understand its nature. Our construction of this statute is, that the indictment should leave nothing to inference or implication; but that its statements should be so plain that a common man may without doubt or difficulty, from the language

used, know what is the charge made against the accused." And in *Johnson* v. *State,* 90 *Ga.* 443 (16 S. E. 93), the Supreme Court says that "the rule is applicable to offences of all kinds."

In my opinion the court erred in overruling the special demurrer, and all proceedings thereafter were nugatory.