28011. WILLIAMS *et al.* v. GENERAL MOTORS ACCEPTANCE CORPORATION.

DECIDED FEBRUARY 23, 1940.

*A. R. Ross, Berner Williams,* for plaintiffs in error.
*Martin, Martin & Snow, Will Ed Smith,* contra.

FELTON, J. General Motors Acceptance Corporation sued Vernon Williams and B. H. Mullis on a conditional-sale contract for the balance of principal and interest due thereon, the contract having been entered into between Williams and Mullis, purchasers, and S. & Z. Chevrolet Company, seller, and assigned to General Motors

Acceptance Corporation. The buyers defended on the ground that after the contract was assigned the plaintiff accepted the consideration to be used for the purchase of fire and theft insurance, and procured a fire and theft policy, payable to the assignee and the buyers as their interest might appear; that the buyers entrusted the automobile covered by the contract to another to try it out with a view to buying it and that he absconded with it; that the assignee was obligated to contract for an insurance policy to cover such a theft, but did not do so by reason of the following provision in the policy procured: "This policy does not cover . . loss or damage due to . . wrongful conversion, embezzlement, or secretion by a mortgagor, vendee, lessee, or other person in lawful possession of the insured property under a mortgage, conditional sale, lease or other contract or agreement, whether written or verbal." The trial judge sustained the general demurrer to the answer and dismissed it. The exception is to that judgment.

The court was correct in dismissing the answer. Without discussing other reasons why the judgment may have been correct, it is sufficient to say that the policy procured did provide the protection to the insureds therein from the theft described in the statement of facts. The quoted provision of the policy excepts theft or conversion by one having some interest in the property. The words, "or other contract, . . written or verbal" include only things similar in character to those specifically named, and a naked bailee has no such interest as a party to a mortgage, conditional-sale contract, or lease. Allen *v.* Berkshire Mutual Fire Insurance Co., 105 Vt. 471 (168 Atl. 698, 89 A. L. R. 460). The buyers were in possession of the policy and could have sued the insurance company for themselves and for the use of the assignee of the sale contract. *Johnson* v. *General Exchange Insurance Cor.,* 49 *Ga. App.* 780 (176 S. E. 840). It follows that they have no right of action against the assignee, and the court did not err in sustaining the general demurrer to the answer.

*Judgment affirmed. Stephens, P. J., concurs. Sutton, J., concurs in the judgment.*