## 29116. KENT v. THE STATE.

148

DECIDED NOVEMBER 11, 1941.

*James H. Dodgen,* for plaintiff in error.

*Bond Almand,* solicitor, *John A. Boykin,* solicitor-general, *Daniel Duke, Durwood T. Pye,* contra.

MacINTYRE, J. T. A. Kent was convicted in the criminal court of Fulton County of the larceny of $50 the property of Sidney Joffre. The judge overruled the certiorari, and the defendant excepted.

The evidence disclosed that the defendant went to Joffre and asked him to cash a check for $75. The check appeared to have been given to the defendant by the Corbine Company, for labor performed. Joffre told Kent that he did not have enough money to cash the $75 check, but would advance him $50 on it and give him the balance of the money after the bank opened on Monday morning. The check was presented to the bank and, according to Joffre, the bank did not cash it because such checks required two signatures and, further, because there were not sufficient funds to pay the check.

Our Code, § 26-2602, defines larceny as "the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same." To constitute larceny there must be a taking against the will of the owner, which is the essence of the crime of larceny. 11 Cox C. C. 193, 196; 32 Am. Jur. 908, 919, §§ 23, 30; *Watson v. State,* 6 *Ga. App.* 801 (65 S. E. 813); *Williams v. State,* 55 *Ga.* 391, 395. The defendant contends that he was wrongfully convicted under the evidence. It seems to us that the question here is whether or not the owner of the property in question intended to part with his title to the money at the time he gave the defendant the $50. If he did, the

defendant can not be convicted of larceny. If the property in the money is passed, not conditionally, but absolutely, then at common law a prosecution for larceny must fail. 2 Wharton's Criminal Law, 1520, § 1208; 32 Am. Jur. 918, § 30. "The rule is, that 'if one, meaning to steal another's goods, fraudulently prevails on the latter to deliver them to him, under the understanding that the property in them is to pass, he commits neither larceny nor any other crime by the taking, unless the transaction amounts to an indictable cheat. But if, with the like intent, he fraudulently gets leave to take possession only, and takes and converts the whole to himself, he becomes guilty of larceny; because, while his intent is thus to appropriate the property, the consent which he fraudulently obtained covers no more than the possession.' 1 Bishop Crim. Law, § 583, and authorities there cited." *Harris* v. *State,* 81 *Ga.* 758 (7 S. E. 689, 12 Am. St. R. 355). It is true that one act may constitute two separate crimes (*Martin* v. *State,* supra), and in reason, aside from technical rule, if one to steal an article procures by fraudulent devices the owner to deliver possession of it to him, he does not in law commit a larceny, but the authorities have established, too firmly for judicial overthrow, the following distinction: "If by fraud, a person is induced to part with his goods, meaning to relinquish his property in them as well as his possession, he who thus obtains them may be chargeable with a cheat at the common law or under the statutes against false pretences, yet not with larceny; because, it is assumed, the owner having actually consented to part with his ownership, there was no trespass in the taking. But this doctrine, to repeat, refers only to cases in which the ownership of the goods is meant, by the owner, to pass with them. And if the one consents to part with merely the possession, the other who takes them intending a theft goes beyond the consent. and irrespectively of the question of fraud commits larceny." 2 Bishop's Criminal Law, 469, §§ 808 (2), 809. Thus, since a person who advances money or goods on a forged check parts absolutely with his property in the thing passed, it is not larceny but false pretense or some other statutory offense so to obtain the money or the goods. 2 Wharton's Criminal Law (12th ed.), 1722, § 1429; Reg. *v.* Prince, 11 Cox Crim. Cases, 193, 194. Joffre, having voluntarily parted with his property in the money, Kent was wrongfully convicted of larceny.

The evidence did not authorize the verdict and the judge erred in overruling the certiorari.

*Judgment reversed. Gardner, J., concurs.*

BROYLES, C. J., dissenting. I concur in the ruling set forth in the first headnote. I think that ruling is applicable and controlling in this case, and that the verdict was authorized by the evidence.