Habeas corpus proceeding by the State on the relation of Jan Paul Hanowski, Jr., against Jimmy Sullivan, sheriff of Dade County, Florida. From an adverse judgment, the relator appeals.
Reversed.
Appellant brought a habeas corpus after an extradition warrant was issued directing that the appellant be turned over to *Page 339 
an agent of Massachusetts, which State sought extradition. The Governor's warrant is based upon an "affidavit made before Massachusetts magistrate, and warrant." Upon a return of the writ the appellant-petitioner was remanded, and thereupon the petitioner appealed.
The Governor of Massachusetts, on April 20, 1949, requisitioned the Governor of Florida for the extradition of Jan P. Hanowski, Jr., by reason of a charge of crime against Hanowski for concealing mortgaged property (a misdemeanor).
The charge is evidenced by:
(a) A duly authenticated copy of a warrant dated September 18, 1947, issued by John A. Crosier as "Clerk" of the District Court of Hampshire;
(b) an affidavit made before the said Crosier as "Clerk" of said court on the same day, upon which the foregoing warrant is based.
The requisition is also supported by the following documents:
(1) Affidavit dated April 11, 1949, by complaining witness that application for extradition is for punishment and not the collection of a debt, etc. Sworn to before Harry Jekanowski.
(2) Affidavit dated April 11, 1949, that Hanowski fled the limits of Massachusetts and is a fugitive from justice and that he is in Florida. Sworn to before Harry Jekanowski.
(3) A certificate by the Governor of Massachusetts that Harry Jekanowski is a duly qualified and Special Justice of the District Court of Hampshire and that Charles J. Kulikowski is duly qualified Clerk of said Court and said Court is a Court of Record. Kulikowski authenticated the signature of Jekanowski.
(4) A certificate by the Governor that the Court of Hampshire is a Court of Record and that Harry Jekanowski and Charles J. Kulikowski are Special Justice and Clerk, respectively, of said court.
Section 941.03, F.S. 1941, F.S.A., requires as a condition to extradition that the requisition be accompanied by "an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of a warrant supported by an affidavit madebefore a committing magistrate of the demanding state." (Italics supplied) etc., and that "the indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state."
The only affidavit substantially charging the appellant with having committed a crime is the affidavit of Crosier.
In this record we find no "indictment" or "information supported by affidavit" but we do find a "warrant."
In this case the pertinent provisions of Section 941.03, supra, are as italicized above, and the prescription that the warrant must be "supported" by an affidavit "made before a committing magistrate" is most material as to whether the record shows that the facts set forth in (a) and (b) supra bring appellant within the statute.
Quere: Is the affidavit recited in (a) supra before a committing magistrate? It is signed by Crosier as "Clerk."
It is cited that the law of Massachusetts is:
"Section 35, Chapter 218, General Laws of Massachusetts 1932
"A justice or special justice of a district court, or a justice of the peace who is also a clerk or assistant clerk of such a court, may at any time receive complaints and issue warrants and summonses, under his own hand and seal, and such justice or special justice may likewise issue search warrants, returnable before a court or trial justice having jurisdiction of the trial or examination of the person charged with the crime."
The record fails to show that Crosier, before whom the affidavit was taken, is such a "justice" as comes within the Massachusetts statute. He is not shown to be a committing magistrate, hence Section 941.03, supra, has not been met.
Had the warrant been supported by an affidavit of one occupying the status of Jekanowski, as recited in (3) supra the law would likely have been satisfied, for Jekanowski is a Justice who would be presumed *Page 340 
to exercise the powers of a committing magistrate.
The judgment appealed is reversed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.