32511. GREAT AMERICAN INSURANCE COMPANY *v.* GUSMAN.

MacINTYRE, P. J. 1. "If a person obtains possession of goods or money by trick or fraud, or under false pretense of a bailment, with intent to appropriate the thing to his own use, and the owner intends to part with the possession only [to that person], and not with the property, the possession is obtained unlawfully, and the subsequent appropriation in pursuance of the original intent is [simple] larceny." *Martin* v. *State*, 123 *Ga.* 478 (51 S. E. 334); *Walker* v. *State*, 117 *Ga.* 260 (43 S. E. 701); *Bryant* v. *State*, 8 *Ga. App.* 389 (69 S. E. 121); *Harris* v. *State*, 81 *Ga.* 758 (7 S. E. 689); *Munn* v. *State*, 12 *Ga. App.* 479 (77 S. E. 591).

2. Where in a policy of insurance, covering "loss of or damage to . . . [an] automobile caused by *theft*, robbery or pilferage," it is provided

that the risk shall not include *"loss due to conversion, embezzlement by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance,"* this provision excepts from the risk covered, the loss of the automobile due to conversion, embezzlement or secretion *by one having some interest in the property*. *Williams* v. *General Motors Acceptance Corp.,* 61 *Ga. App.* 751 (7 S. E. 2d, 402); and

3. Where, in a suit on such a policy, to recover damages for the loss of the automobile, it appears from the evidence that the owner of the automobile was induced to part with the possession of the automobile under the belief that the person so inducing her had a prospective purchaser for the automobile and would act as her agent in the sale of the automobile; and such other person gave to the owner his mother's check for a certain sum drawn on a bank in which his mother had had no account for at least two years; and it was agreed between the owner and such other person to whom she delivered the automobile that she was to hold the check until the sale was completed and the money deposited in the bank; and it was further agreed that the owner should not deliver the bill of sale until the completion of the sale; and it was agreed that such other person to whom the owner delivered the automobile was to receive one-half of the sale price, over and above the amount of the aforesaid check; and there was evidence that the check was a forgery and that such other person did not sell the automobile but decamped with it, the jury was authorized to find that the said person did not gain possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance giving him a property interest therein, but that he obtained possession of the automobile by trick or fraud, with intent to steal it, and that he was guilty of simple larceny, a risk covered by, and not excepted from, the terms of the policy. Consequently, the court did not err in overruling the motion for a new trial based solely on the general grounds.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

Decided November 18, 1949.

*Matthews, Long & Moore,* for plaintiff in error.
*Fine & Efurd,* contra.

