32806. C. L. FAIN CO. *v.* BALTIMORE AMERICAN INS. CO.

Decided February 17, 1950. Rehearing denied March 3, 1950.

*Hewlett & Dennis, T. F. Bowden, Douglas Dennis,* for plaintiff.

*Smith, Partridge, Field, Doremus & Ringel,* for defendant.

Felton, J. C. L. Fain Company sued Baltimore American Insurance Company on a policy, to recover for the loss of a Cadillac automobile, which the defendant had insured against theft. The insurance company defended on the ground that the loss was not due to theft. The court granted a nonsuit, and the plaintiff excepted.

The plaintiff's evidence showed substantially: that C. L. Fain was president of the plaintiff company; that C. L. Fain requested his brother, John M. Fain, to take the company's 1946 Cadillac automobile to an auction and expose it for sale; that John M. Fain was instructed to sell only for cash; that the auctioneer upon exposing the automobile for sale announced it to be a cash sale; that Jimmy Wooten, of Cleveland, Tennessee, bid in the car for $4500; that Wooten gave to John M. Fain a check for $4500 drawn on the account of Jimmy Wooten in the Cleveland National Bank, Cleveland, Tennessee, to cover the purchase-price of the automobile; that Wooten represented the check to be good; that at that time Wooten had only $21.26 to his account in the Cleveland National Bank; that at no time since had Wooten had sufficient funds on deposit at such bank to cover the check; that Wooten took the automobile from the State and disposed of it; that the check had never been made good; that a warrant for Wooten's arrest had been sworn out, but that he had never been apprehended; that the automobile had not been recovered. The evidence further showed that at the time Wooten gave the check to John M. Fain, Fain told Wooten that he had no authority to issue a bill of sale on the automobile; that since plaintiff was a corporation, Wooten would have to come by the office of the plaintiff and have the treasurer

of the company issue such bill of sale and a transfer of title; that Wooten stated that he would come by and meet John M. Fain there; that Fain went by the office and waited for Wooten but that Wooten did not appear. It is contended by the defendant in error that the giving of the bad check and the taking of the automobile amounted at most to cheating and swindling and not theft. We do not agree with this contention. The evidence clearly shows that John M. Fain did not intend actually to pass title to the automobile *by delivery* at the time he accepted Wooten's check. To the contrary he stated to Wooten that he could not pass title to the automobile; that he and Wooten would have to meet at the plaintiff's office so that one of the plaintiff's officers could execute an instrument passing title to the automobile. Further a jury would be authorized to find that Fain and Wooten were to meet at the plaintiff's office so that Fain's acceptance of the check could be ratified, his agency being limited to a cash sale. A jury would also be authorized to find that Wooten knew that he did not have sufficient funds on account to cover the check and that this knowledge coupled with his failure to appear at the plaintiff's office for the purpose of transferring title showed that Wooten intended to steal the automobile. " 'If a person obtains possession of goods or money by trick or fraud, or under false pretense of a bailment, with intent to appropriate the thing to his own use, and the owner intends to part with the possession only [to that person], and not with the property, the possession is obtained unlawfully, and the subsequent appropriation in pursuance of the original intent is [simple] larceny.' *Martin* v. *State,* 123 *Ga.* 478 (51 S. E. 334); *Walker* v. *State,* 117 *Ga.* 260 (43 S. E. 701); *Bryant* v. *State,* 8 *Ga. App.* 389 (69 S. E. 121); *Harris* v. *State,* 81 *Ga.* 758 (7 S. E. 689); *Munn* v. *State,* 12 *Ga. App.* 479 (77 S. E. 591)." *Great American Insurance Co.* v. *Gusman,* 80 *Ga. App.* 471 (56 S. E. 2d, 319). The defendant in error relies strongly on the case of *Kent* v. *State,* 66 *Ga. App.* 147 (17 S. E. 2d, 301). We think that the ruling in that case sustains our ruling here, as the finding is here authorized that title was not intended to pass from the plaintiff until the execution of a bill of sale or other contract conveying title.

The trial court erred in granting a nonsuit.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*