## O'BRIEN v. STATE.

### No. 17836.

Circuit Court, Palm Beach County.

September 5, 1958.

Hal H. McCaghren, West Palm Beach, for petitioner.

Phillip D. O'Connell, West Palm Beach, for respondent.

JAMES R. KNOTT, Circuit Judge.

Petitioner in this habeas corpus action challenges the validity of an extradition proceeding initiated in Massachusetts by virtue of which he was arrested and detained by the Sheriff of Palm Beach County. Petitioner is wanted in Massachusetts for the offense of unlawfully having in his possession a machine gun.

Among the papers attached to the written demand from the Governor of Massachusetts to the Governor of Florida is an authenticated copy of the indictment of the petitioner, charging that—

"William O'Brien on the fifth day of December in the year of our Lord one thousand nine hundred and fifty-six, did have in his possession unlawfully a certain machine gun as defined in Section One Hundred and Twenty-One of Chapter One Hundred and Forty of the General Laws of the said Commonwealth, without permission under Section One Hundred and Thirty-One of said Chapter One Hundred and Forty."

The authenticated papers attached to such demand include also an application to the Governor of Massachusetts for the rendition of the petitioner, signed by the prosecuting attorney and sworn to by him before an Assistant Clerk of the Superior Court for Criminal Business of that state, reciting, among other things, that the alleged crime was "committed in the County of Suffolk," together with the affidavit of one Thomas E. Donahue, also made before the said Assistant Clerk, setting forth that the petitioner was in the City of Boston, Massachusetts, "at the time of the commission of said crime" and that he "fled from the limits of said Commonwealth."

Section 941.03, Florida Statutes, provides—

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging * * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, *or by a copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state * * *."* (Emphasis supplied.)

The primary question presented for consideration relates to whether there is a proper showing, in substantial compliance with the essential requirements of law, that the petitioner was in the

demanding state of Massachusetts at the time of the commission of the alleged crime. The written demand by the Governor of that state alleges that the offense was "committed in the County of Suffolk," in Massachusetts, but as stated in the case of Mitchell v. Stoutamire, Fla., 152 So. 629—"While the law presumes that the chief executive did his duty, and that an executive warrant of rendition, valid and sufficient on its face, was properly issued, the courts have the power, upon habeas corpus, to review the action of the Governor in determining the jurisdictional prerequisites to the issuance of such warrant * * *."

The indictment patently fails to contain the allegation that the crime was committed in Massachusetts or that the petitioner was present in that state at the time of its alleged commission. The accompanying affidavits which supply this necessary information and purport to remedy the defect were made before an Assistant Clerk of the Superior Court of Massachusetts. It is not indicated, however, that such officer is a "committing magistrate" within the meaning of that term as used in section 941.03, Florida Statutes, supra, or is recognized as such under the laws of the State of Massachusetts. Accordingly, it must be held that the affidavits are insufficient. See State v. Chase, Fla., 107 So. 541; State v. Clark, Fla., 163 So. 471; Hattaway v. Culbreath, Fla., 57 So. 2d 661; State v. Sullivan, Fla., 41 So. 2d 338. It should be observed that the presence of the required information in the warrant for the arrest of the petitioner, and in the demand made by the Governor of Massachusetts, does not constitute compliance with the requirement that it be contained in an affidavit before a committing magistrate. It follows that the petitioner is entitled to be discharged from custody.