39307. HEWITT *et al.* v. MALONE *et al.*

DECIDED FEBRUARY 6, 1962.

*Franklin, Barham, Coleman, Elliott & Blackburn, W. Gus. Elliott,* for plaintiffs in error.

*Tillman & Brice,* contra.

NICHOLS, Presiding Judge. ■ The defendants demurred specially to paragraphs 2 and 3 and the first sentence of paragraph 5 of the petition as amended as alleging conclusions without alleging facts to support them. The allegations complained of in paragraphs 2 and 3 were allegations of the ultimate facts to be proved, and how or why the check given by Bentley was dishonored, and how the defendants gained possession or how many other persons had possession of such automobile after the plaintiffs lost possession of it were not necessary averments since such allegations would be allegations of evidentiary matter which is not required. See *Norman v. Norman,* 99 Ga. App. 755, 759 (109 SE2d 900), and citations.

The allegation contained in the first sentence of paragraph 5 of the petition as amended, to the effect that the defendants, by taking possession of and disposing of the plaintiffs' property, were guilty of conversion, was not a conclusion but was only an allegation of an ultimate fact. The trial court did not err in overruling the special demurrers to the petition as amended.

■ The original petition sought to recover for the conversion of a described automobile by the defendants, and the amendment sought merely to amplify the original pleadings and did not seek to set up a new cause of action. The original action sought to recover from the defendants because they had converted the described property, and the amendment did not seek to change such cause of action but sought merely to amplify such allegations so that the duty not to convert as well as the actual conversion of the property would be shown, to wit, the duty, the breach, the damages. Assuming arguendo that the original petition was insufficient, yet if the amended petition was not subject

to the defendants' general demurrer, no new cause of action being alleged, the motion to strike the amendment was properly denied. See *Ellison v. Ga. R. Co.*, 87 Ga. 691 (6) (13 SE 809): "Enough to amend by in matter of substance, in aid of an incomplete cause of action, is the least amount of substance in a declaration which will serve to show that, according to the original design of the pleader, what is offered to be added rightly belongs to the cause of action which he meant to assert, and that the addition proposed would make the cause of action complete. There must be a plaintiff, a defendant, jurisdiction of the court, and facts enough to indicate and identify some particular cause of action as the one intended to be declared upon, so as to enable the court to determine whether the facts proposed to be introduced by the amendment are part and parcel of that same cause. Any amendment whatever which, if allowed, would leave the cause of action incomplete should be rejected."

"Where one who has no right of possession obtains possession of personal property through fraud, he can convey no title thereto, and a party who purchases the property from one in possession under such circumstances does not acquire title as against the true owner, and unless the true owner becomes estopped by conduct which leads the purchaser to believe that the person in possession had authority to sell, he may recover the property from the purchaser." *Wyatt v. Singley*, 103 Ga. App. 182 (118 SE2d 841). "If a person obtains possession of property of another by trick or fraud, or under false pretense of bailment, with intent to appropriate the property to his own use, and the owner intends to part with possession only of the property, the possession is obtained unlawfully, and the subsequent appropriation in pursuance of the original intent is larceny. *Great American Ins. Co. v. Gusman*, 80 Ga. App. 471 (1) (56 SE2d 319); *Martin v. State*, 123 Ga. 478 (51 SE 334); *Kelley v. State*, 24 Ga. App. 155 (2) (100 SE 23); *McNatt v. State*, 27 Ga. App. 642 (2) (109 SE 514); *Kent v. State*, 66 Ga. App. 147 (1) (17 SE2d 301)." *Reserve Insurance Co. v. Interurban Transit Lines*, ante.

The petition as amended alleged that Bentley, using a fictitious name, fraudulently obtained possession of the described automo-

bile from the plaintiffs by posing as a prospective purchaser and giving a forged check. Under the decision in *McElroy v. Williams Brothers Motors, Inc.*, 104 Ga. App. 435 (121 SE2d 917), Bentley was guilty of larceny (see *Code* §§ 26-2602, 26-2603), and since a thief can convey no title, having none to convey, the petition set forth a cause of action, and the defendants' general demurrer was properly overruled since the petition did not show a situation where a bona fide purchaser would be protected.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*