SHANNON, Judge.
The appellant, as Sheriff of Hillsborough County, Florida, brings this appeal from an order granting appellee’s petition for writ of habeas corpus and discharging ap-pellee from custody.
We are not favored with a brief of the appellee, nor was he represented by an attorney in this court.
The question before us is whether or not the demand warrant of the 'Governor of Wisconsin, along with the instruments annexed thereto, requesting appellee’s extradition to the State of Wisconsin, sufficiently complies with the provisions of Ch. 941, Fla.Stat.1961, F.S.A., the Uniform Interstate Extradition Act, so as to authorize the issuance of the rendition warrant by the ■Governor of the State of Florida.
In the order for discharge rendered below, the court stated, in part:
“1. That a certified copy of the extradition papers were, introduced into •evidence by the defendant as Defendant’s Exhibit No. 1, without objection -on behalf of the State of Florida. That •the extradition papers consisted of the Rendition Warrant issued by the Governor of Florida, Demand Warrant from the Governor of Wisconsin, application for requisition, Affidavit of •complaining witnesses, criminal complaint and criminal warrant, along with the certification of the Secretary of State of the State of Florida.
“Upon the above findings of fact, the Court holds that Marion T. Munson was illegally held pursuant to law, in that the Governor of Wisconsin, failed to properly authenticate the supporting documents and that the authentication by Governor of Wisconsin on the demand warrant incorporating the annexed papers is not sufficient. The Court bases its holding on Hattaway vs Culbreath, Fla., 57 So.2d 661.”
Sec. 941.03, Fla.Stat.1961, F.S.A., provides :
“No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under 941.06, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole.
The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand.”
From this statute it is seen that the demand for extradition must meet three requirements: (1) it must allege that the accused was present in the demanding state at the time of the commission of the alleged crime; (2) it must allege that thereafter he fled from the state; and (3) it must be “accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of a warrant supported by an affidavit made before a committing magistrate of the d.e- *732 manding state; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. * ‡ í”
In the demand warrant in issue here, the Governor of Wisconsin stated “that Marion T. Munson stands charged by affidavit with the crime of theft, contrary to Section 943.20(1) (d), Wis.Stats. which I certify to be a crime under the laws of this State, committed in the county of Dane,” and “that he has fled from” said State to Florida. It might be argued that the demand warrant does not specifically state that Munson was in the demanding state at the time of the commission of the alleged crime. However, the Governor of Wisconsin, in the demand warrant, authenticated all of the annexed papers, one of which is the affidavit of the complaining witness, which affidavit states that the defendant was in the County of Dane and State of Wisconsin on the date of the alleged crime. The appellant urges that since the Governor of Wisconsin authenticated this and all other annexed papers, there was thereby an authentication by incorporation by reference of said papers, which satisfied the criteria set forth in Sec. 941.03, Fla.Stat., F.S.A. With this argument we agree.
The court below relied upon Hattaway v. Culbreath, Fla.1952, 57 So.2d 661, where the Supreme Court based its decision upon the fact that the demand did not:
“ * * * contain the necessary allegation that he was present in the State of Alabama when the alleged crime was committed; nor does such allegation appear in the arrest warrant referred to in the Governor’s demand, or in the affidavit of Ruth Hattaway. The sworn application for extradition by the prosecuting officer, however, does allege that appellant was present in the State of Alabama when the offense was committed, but this paper was not authenticated by the Governor of Alabama or by any reference made a part of his written demand.”
Here, however, the affidavit was authenticated by reference, as we have already seen. The case of People ex rel. Higley v. Millspaw, 1939, 257 App.Div. 40, 12 N.Y.S.2d 435, deals with this same question. The New York Court of Appeals, operating under a criminal extradition act substantially identical to our Chapter 941, held that it is unnecessary for the demand to allege that the accused was present within the demanding state at the time of the alleged crime, provided that the indictment or some other instrument attached thereto recite that the accused was present within the demanding state at the time the crime was committed.
In the case of Pecnik v. Blackburn, Fla.App.1961, 132 So.2d 604, this court had occasion to pass upon a very similar question, involving another demand from the Governor of Wisconsin, which was acted upon by the appellant herein. In that case, Judge Smith, speaking for the court, said:
“ * * * The certification of the documents attached to the demand made by the Governor of Wisconsin authenticates the judgment of conviction and the sentence imposed in execution thereof and the fact that the accused broke the terms of his parole, and for this purpose it is conclusive.
“ * * * The question as to whether or not the accused was present in the demanding state at the time of the commission of the crime may be ascertained from the demand including the accompanying documents. * * * ”
From this and the prior cases, therefore, it is seen that the authentication in the demand warrant was sufficient to authenticate all instruments annexed thereunto.
Considering all of the extradition papers together, then, we hold that they contain *733 sufficient information to meet the requirements of Sec. 941.03, Fla.Stat., F.S.A. The warrant states that appellee fled from Wisconsin, and that he was present in that state at the time of the commission of the alleged crime; and a copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state has been attached. There is no necessity for separate authentication of these papers, and we hold the demand sufficient.
The order for discharge is reversed, the petition for habeas corpus dismissed, and the appellee is remanded to the custody of the sheriff.
Reversed.
WHITE, J., and AKRIDGE, WM. G., Associate Judge, concur.