### STATE, ex rel. SOWERWINE v. BUCHANAN, Sheriff.

No. H.C.2534.

Circuit Court, Dade County.

May 13, 1964.

Thomas S. Trantham of Mershon, Sawyer, Johnston, Dunwody, Mehrtens & Cole, and Paul A. Louis, all of Miami, for petitioner.

Richard E. Gerstein, State Attorney, Roy S. Wood, Ass't. State Attorney, for the respondent.

HENRY L. BALABAN, Circuit Judge.

The above-named petitioner having been arrested in this county as a fugitive from the justice of the state of Montana, he being wanted in said state for the crime of enticing away a child, and on Friday, April 17, 1964, a writ of habeas corpus having been sued out on behalf of petitioner returnable before this court, and testimony having been taken at several hearings and oral argument having been heard, and the attorneys for the petitioner having appeared in support of the writ, and State Attorney Richard E. Gerstein having been represented by Roy S. Wood, Assistant

State Attorney, in opposition to the habeas corpus proceeding and in support of the governor's warrant,

The court is of the opinion that the petitioner has been unlawfully deprived of his liberty and should be released. The executive rendition warrant issued in this cause is not necessarily conclusive of the sufficiency of the affidavit filed therein, nor is it conclusive that a crime has been substantially charged against the accused. Its sufficiency may be inquired into by habeas corpus and should be permitted when it is challenged for the purpose of determining whether or not the jurisdictional prerequisites essential to its issue were present. State, ex rel. Huston v. Clark (Fla. 1935), 163 So. 471.

Extradition is sought in this case upon a warrant based upon an affidavit. When extradition is sought on the basis of an affidavit, and not on an information or indictment rendered in the demanding state, the affidavit must be closely scrutinized to determine whether the facts set forth therein constitute a crime under the laws of the demanding state. People, ex rel. Kuzner v. Police Department of New York, 102 N.Y.S. 2d 614 (1950); People, ex rel. DeMartini v. McLaughlin, 243 N.Y. 417, 153 N.E. 853. It is axiomatic that the failure to allege an essential element of a crime renders the affidavit defective and no crime is therefor charged. The affidavit in this case states that on October 9, 1963 the petitioner took away Avril Sowerwine from her parent who *has* custody. The affidavit was made on October 11, 1963, and thus, the affidavit while stating that Lucille Sowerwine on October 11, 1963 has custody it does not state and we cannot infer that the affiant *had* custody on October 9, 1963, the day of the alleged taking. The affidavit is thus fatally defective and does not substantially charge a crime.

Wherefore, this court finds that, as a matter of law, the said executive rendition warrant is insufficient under the laws of the United States and the constitution of the United States as well as of the laws of this state in that said rendition warrant fails to show upon its face facts that justify holding it sufficient, and, therefore, it is ordered (1) that said petition for writ of habeas corpus is hereby granted, (2) that the petitioner be and he is hereby discharged from custody, imprisonment and restraint on the aforesaid executive rendition warrant, and it is further ordered (3) that T. A. Buchanan, sheriff of Dade County, Florida, forthwith discharge and release the said petitioner, Elbert O. Sowerwine, Jr., from such custody, imprisonment and restraint, instanter.