**STATE, ex rel. SHERWOOD v. MICHELL, Sheriff.**
No. 68-1269.
Circuit Court, Broward County.
April 22, 1968.

Gerald R. Wells, Fort Lauderdale, for petitioner.

Russell D. Clarke, State Attorney, for respondent.

STEPHEN R. BOOHER, Circuit Judge.

This cause came on to be heard on petition for writ of habeas corpus, writ of habeas corpus issued herein on March 1, 1968, and return to writ of habeas corpus filed by the state attorney on behalf of respondent, Allen B. Michell, sheriff of Broward County, Florida; and the court having considered the same, together with the arguments and authorities of counsel, and being otherwise duly advised in the premises, finds as follows —

The petitioner, William Sherwood, was arrested in Broward County as a fugitive from justice from the state of Georgia, where he is wanted for the crime of larceny of automobile, allegedly committed in DeKalb County, Georgia, on November 7, 1967.

The petitioner attacks the extradition papers as defective on a number of grounds. First, he argues that the form of demand is insufficient in that the governor of Georgia states only that "it has been represented to me that the accused was present in this State at the time of the commission of said crime," whereas §941.03, Florida Statutes, requires a positive allegation that the accused was so present. It is to be noted, however, that the attached petition of Richard Bell, solicitor general of the Stone Mountain Judicial Circuit, which is under oath, makes such a positive allegation, and this has been held sufficient. Blackburn v. Munson, Fla. App., 155 So.2d 730. Accord: People ex rel. Higley v. Millspaw, 257 App. Div. 40, 12 N.Y.S.2d 435; In re Harris, 309 Mass. 180, 34 N.E.2d 504, 135 A.L.R. 969.

Next the petitioner complains that the papers annexed to the form of demand are Xerox copies only and that the verifications, consequently, are not properly notarized, certified or authenticated. Although the demand states that the copies affixed thereto are certified by the governor of Georgia under seal to be authentic, the petitioner argues that there is no way of knowing what papers were originally annexed. This argument is without merit. It is not necessary that each attachment be separately authenticated; a general statement on the face of the demand authenticating all attachments is sufficient. Blackburn v. Munson, supra. In addition, it should be pointed out that the issuance by the governor of Florida of an extradition warrant creates a prima

facie case, and the burden rests with the accused to overcome it with competent proof. Pecnik v. Blackburn, Fla. App., 132 So.2d 604; Trice v. Blackburn, Fla. App., 153 So.2d 32. Mere speculation as to what may or may not have been originally affixed does not meet that burden.

The foregoing also answers the petitioner's argument that the authority of the magistrate who issued the original warrant is not shown. The attached copy of the certification of the clerk of the superior court of DeKalb County states the authority of the magistrate and attests that his signature is genuine. Compare: State ex rel. Hanowski v. Sullivan, Fla., 41 So.2d 338. This certificate is authenticated by the governor of Georgia on the face of the demand, and nothing more is required.

Finally, the petitioner contends that where, as here, extradition is sought upon a warrant based on an affidavit, rather than on an information or indictment rendered in the demanding state, the affidavit must be closely scrutinized to determine whether the facts therein constitute a crime under the laws of the demanding state. State ex rel. Sowerwine v. Buchanan, 23 Fla. Supp. 210. In this regard, it is clear that the rendition warrant issued by the governor of Florida is not necessarily conclusive of the sufficiency of the affidavit or that a crime has been charged against the petitioner. Its sufficiency may be inquired into by habeas corpus and should be permitted when challenged for the purpose of determining whether or not the jurisdictional prerequisites essential to its issue were present. State ex rel. Huston v. Clark, 121 Fla. 161, 163 So. 471.

The petitioner urges that the affidavit in question is defective in that it fails to comply with the requirements of §27-103.1, Georgia Code. The court agrees. This section provides that in addition to naming the offense the affidavit shall state "the time, date, and place of occurrence of said offense, against whom such offense was committed, and a statement describing the offense." When the offense is larceny, as here, there are the additional requirements that the affidavit name "the property alleged to have been stolen with a description thereof, *the name of the owner, the value of such property,* and the name of the person from whose possession such property was taken." (Italics supplied.)

The affidavit in question charges the petitioner in the following language —

"Larceny of Auto (Violation of Ga. Code 26-2603) in that said defendant did obtain from the Prosecutor, Joe P. Bryant, one 1967 Cadillac, 4 door Sedan, Deville, Color Med. Blue, ID#B-7241254, bearing 67 GA 2-A-15138 by uttering a worthless check in the amount of $6000.00 for purchase of the auto on or about 11/7/67 at approximately 4 P.M."

The name of the owner of the vehicle and its value are not stated, except by implication. The Georgia courts have ruled that §27-103.1 must be strictly construed and complied with. Lovett v. State, 111 Ga. App. 295, 141 S.E.2d, 595.

At first blush this might appear to be judicial nitpicking, but there is a more serious problem. If we infer from the affidavit that the prosecutor (complainant) was both the owner and the person from whose possession the vehicle was taken, we may likewise infer that the petitioner purchased the automobile and obtained title. In such event, no larceny has been committed under Georgia law. Where an owner intends to and does part voluntarily with title to property, as well as possession, not expecting the property to be returned, the taker is not guilty of larceny even though the owner is induced to part with the title through fraud and misrepresentation of the alleged thief. Kent v. State, 66 Ga. App. 147, 17 S.E.2d 301. Where possession only is given, a larceny is committed; if title also is given, there is no larceny. Cf. Fain v. Baltimore American Insurance Co., 81 Ga. App. 105, 57 S.E.2d 879; McElroy v. Williams Brothers Motors, Inc., 104 Ga. App. 435, 121 S.E.2d 917.

The affidavit is silent as to transfer of title. It is silent also as to ownership. One or the other should clearly appear if there is to be strict compliance with §27-103.1, Georgia Code. The stated intent of that section is "that the defendant shall be informed of the specific charge against him and of all basic pertinent particulars pertaining thereto." If the charge here is so unspecific that this court cannot determine the pertinent particulars, it cannot be expected that the petitioner would be able to do so.

For these reasons, the affidavit is insufficient and the petitioner should be discharged. Accordingly, it is ordered and adjudged that the petition for writ of habeas corpus is hereby granted, and the petitioner be and he is hereby discharged from custody and restraint on the executive rendition warrant issued by the governor of Florida on January 26, 1968.