27478, 27479.   STULL v. THE STATE (two cases).

HAWES, Justice., Henry Daniel Stull, Jr., was tried and convicted on two indictments charging him with theft by taking in violation of the provisions of § 26-1802 of the Criminal Code of Georgia. His motion for a new trial on the general grounds and on three special grounds filed as to each conviction was overruled and he appeals. Jurisdiction of the appeal is in this court by reason of the fact that the trial court overruled defendant's demurrers to the indictment in each case attacking the constitutionality of § 26-1802 of the Criminal Code of Georgia. To that ruling appellant enumerates error.

1. Section 26-1802 (a) of the Criminal Code of Georgia provides: "A person commits theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of said property, regardless of the manner in which said property is taken or appropriated." Appellant contends that this

section is violative of the due process provisions of the State and Federal Constitutions because it is so vague, uncertain and indefinite that it fails to inform persons charged thereunder of the conduct proscribed thereby. This contention is without merit. An unlawful taking or appropriation of the property of another is a taking or appropriation thereof without authority of or contrary to law. Black's Law Dictionary (4th Ed.), p. 1704. Theft or larceny is the taking of the property of another, either from his possession or from the possession of someone holding the same for him, without the owner's consent, and with the intent to deprive the owner of the same or of its value, and to appropriate it or the proceeds thereof to the use and benefit of the person taking. Black's Law Dictionary (4th Ed.), p. 1647. Under § 26-1802 the gravamen of the offense is the taking of the property of another against the will of such other.

"'The uncertainty in a statute which will amount to a denial of due process of law is not the difficulty of ascertaining whether close cases fall within or without the prohibition of the statute, but whether the standard established by the statute is so uncertain that it cannot be determined with reasonable definiteness that any particular act is disapproved; and a criminal statute is sufficiently definite if its terms furnish a test based on knowable criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command.' 16 AmJur2d 954, § 552." *Mixon v. State,* 226 Ga. 869, 870 (1) (178 SE2d 189). When the well recognized definitions of the terms employed in § 26-1802 of the Criminal Code of Georgia under which the appellant was charged in these cases are applied to the foregoing test, the statute is sufficiently definite in its terms to reasonably inform one charged thereunder as to the conduct proscribed thereby. It is not

constitutionally void for any reason urged by the appellant.

While the language embodied in the clause, "Regardless of the manner in which said property is taken or appropriated," renders the section sufficiently broad to encompass thefts or larcenies perpetrated by deception as prohibited under § 26-1803, and possibly broad enough to encompass other types of theft prohibited by other sections of the Criminal Code of Georgia, this is no impediment to an indictment thereunder. *Martin v. State,* 123 Ga. 478, 479 (51 SE 334). While the indictment in this case, under the facts proved from the trial, as we shall hereinafter show, might more appropriately have been brought under § 26-1803, the language of § 26-1802 is broad enough to encompass the facts proved in this case, and since the punishment as prescribed in § 26-1812 applies to both Code sections, and conviction or acquittal on the trial of an indictment brought under either Code section would bar an indictment under the other based on the same facts, no harm was done to the accused by reason of the fact that he was not charged under § 26-1803.

2. The indictment in Case No. 27478 (Fulton Superior Court Case No. A-10523) charged the defendant with "unlawfully taking two electric typewriters, two electric multipliers, one electrastatic copier and one offset duplicator, all of the value of $2,159.00 and the property of Sperry-Rand Corporation . . ." Defendant demurred specially to the indictment on the ground that the same was too vague, uncertain and indefinite to inform the defendant exactly what he was charged with having taken, in that such equipment was not identified by serial number, or otherwise. The trial court did not err in overruling this ground of demurrer. It is not essential to a charge such as was involved in this case that the indictment do more than inform the accused generally of the items which it is contended

were taken. The accused does not contend in this case that he was unable to defend against the indictment because of the failure of the indictment to more specifically identify the property taken. A more detailed description might be relevant in a case where an issue arises as to which of several different items resembling those generally described in the indictment and found in the possession of the accused were the items intended to be covered by the indictment, but where, as here, no such contention was made, and the state's case did not rest or turn upon the identity of specific property, it was, at most, harmless error to overrule the special demurrer. See *Clifton v. State*, 35 Ga. App. 399 (2) (133 SE 287).

3. The jury was authorized to find that the accused embarked on a fraudulent scheme wherein by the use of letterheads purporting to be those of a legitimate business concern, and by the use of other deceptive practices he gained possession of the personal property which was the subject matter of the theft by taking charge. In one case, after having contacted the Atlanta branch office of Remington-Rand, Inc., by letter and telephone, he purported to issue on a printed purchase order form, bearing the name and address utilized on the letterheads, an order for certain described business machines and office supplies which were to be delivered to a designated public warehouse wherein he had rented space in the name of his fictitious corporation. In reliance upon his representations and the deceptive letterhead and purchase order forms, Remington-Rand shipped the merchandise so ordered to the warehouse wherefrom the accused, or his confederate, withdrew the merchandise. In the other case, the accused, by similar deceptive practices, prevailed upon Francis Travel Agency to deliver to him without payment therefor four airline tickets of a total value in excess of $800. It is plain that it was the intent

of both the personnel of Remington-Rand and of Francis Travel Agency to extend credit, not to the accused, but to the corporation or business firm which they thought the accused represented. They intended to sell the property to the corporation. They delivered possession to the accused, not for himself, but as they supposed, as agent. He was not the agent of the business firm which they were led to believe he represented, and the personnel of that firm did not know anything about him or his activities. It is clear that the accused intended to appropriate the proceeds of the property, the possession of which he thus acquired, to his own use. Under these circumstances, while the evidence might well have made out a case under the provisions of § 26-1803 of the Criminal Code of Georgia relating to theft by deception, it clearly made out a case also within the purview of § 26-1802. It would also have made out a case of simple larceny under the former law. Taking this view, what was said in the case of *Harris v. State,* 81 Ga. 758, 759 (7 SE 689, 12 ASR 355), a case strikingly like this on its juridical facts, is apropos: "The rule is, that 'if one, meaning to steal another's goods, fraudulently prevails on the latter to deliver them to him, under the understanding that the property in them is to pass, he commits neither larceny nor any other crime by the taking, unless the transaction amounts to an indictable cheat. But if, with the like intent, he fraudulently gets leave to take possession only, and takes and converts the whole to himself, he becomes guilty of larceny; because, while his intent is thus to appropriate the property, the consent which he fraudulently obtained covers no more than the possession.' 1 Bishop Crim. Law, § 583, and authorities there cited." It follows that the trial court did not err in overruling the general grounds of the motion for a new trial.

4. Appellant contends that the trial court erred in

refusing to charge the jury in the language embodied in the only request to charge filed by him, as follows: "The rule is, that 'if one, meaning to steal another's goods, fraudulently prevails on the latter to deliver them to him, under the understanding that the property in them is to pass, he commits neither larceny nor any other crime by the taking, unless the transaction amounts to an indictable cheat. But if, with the like intent, he fraudulently gets leave to take possession only, and takes and converts the whole to himself, he becomes guilty of larceny; because, while his intent is thus to appropriate the property, the consent which he fraudulently obtained covers no more than the possession.' It is true that one act may constitute two separate crimes, and in reason, aside from technical rule, if one to steal an article procures by fraudulent devices the owner to deliver possession of it to him, he does not in law commit a larceny, but the authorities have established, too firmly for judicial overthrow, the following distinction: 'If by fraud, a person is induced to part with his goods, meaning to relinquish his property in them as well as his possession, he who thus obtains them may be chargeable with a cheat at the common law or under the statutes against false pretenses, yet not with larceny; because, it is assumed, the owner having actually consented to part with his ownership, there was no trespass in the taking.' " This request was taken from the language employed by the Court of Appeals in the case of *Kent v. State,* 66 Ga. App. 147, 149 (17 SE2d 301). This language, even if applicable to the facts in this case, is highly argumentative. Even though language used by the appellate courts in a decision may embody sound law, it is not always appropriate to employ such language in instructing the jury. *Jackson v. State,* 225 Ga. 553, 561 (170 SE2d 281). The court fully charged the principles of law involved in the case

and instructed the jury in the language of the Code section under which the accused was charged, and it did not err in refusing the charge requested.

5. The trial court did not abuse its discretion in refusing to order separate trials as to the two indictments. The crimes were similar in nature, and the scheme which resulted in their consummation was substantially identical in each case. It is not apparent that any confusion could possibly have been engendered in the minds of the jury by trying the cases together. This ground of enumerated error is not cause for a reversal.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 11, 1972—DECIDED JANUARY 4, 1973— REHEARING DENIED FEBRUARY 8, 1973.

*Walter M. Henritze, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Darryl Cohen, Joel M. Feldman, Carter Goode,* for appellee.