## 53308. FLINCHUM v. THE STATE.

DEEN, Presiding Judge.

1. This out of time appeal was allowed by the trial court and is being considered by this court. It comprises three special grounds, the first being the denial of a motion to quash an indictment for theft by taking on the ground that it failed adequately to inform the defendant of the nature of the crime with which he was charged. The indictment charged Flinchum and seven others jointly with theft by taking (Code § 26-1802) on March 13, 1973, in that they took $300,000 which was the property of First Georgia Bank with the intention of depriving the owner of its property. The indictment meets the test of Code § 27-701 in stating the offense in the language of the statute. It is true that the indictment does not reveal that the manner of the taking was by fraud and deception, as shown by the evidence. This objection was dealt with in *Stull v. State,* 230 Ga. 99, 101 (196 SE2d 7): "While the language embodied in the clause, 'Regardless of the manner in which said property is taken or appropriated',

renders the section sufficiently broad to encompass thefts or larcenies perpetrated by deception or prohibited under § 26-1803, and possibly broad enough to encompass other types of theft prohibited by other sections of the Criminal Code of Georgia, this is no impediment to an indictment thereunder." The charge is in the language of the statute, and the statute was in the same case upheld as against a charge of vagueness. We do not find the allegations insufficient to put the defendants on notice of the crime charged so as to render the indictment subject to dismissal.

2. Three of the defendants, Flinchum, Aiken and Brown, were jointly tried. Aiken described his relations with the defendant's corporation Diversified Enterprises, and his activities in obtaining a check for $300,000 from a Canadian source which was deposited in the First Georgia Bank and ultimately bounced after several thousand dollars in certified checks had been issued and distributed in reliance on the deposit, some $45,500 of which went to the witness. He also offered evidence of good character. During his instructions the court charged correctly on the jury's consideration of evidence of good character in relation to guilt, innocence, and reasonable doubt, prefacing his statements with: "In reference to defendant Aiken in this case, this defendant puts in issue his character and the charge that I now give you applies to defendant Aiken." The appellant complains that a charge as to the general good character of one defendant places the character of the silent defendants in issue "when the character door has not been opened." As to Aiken, who presented this evidence in his own behalf: "The law is well settled that, regardless of whether or not the defendant has any other defense, and regardless of whether or not there is any other evidence in the record upon which a reasonable doubt as to his guilt could be based, proof of good character may of itself constitute such a defense in his behalf" as to generate a reasonable doubt of guilt. *Loomis v. State,* 78 Ga. App. 336 (9), 358 (51 SE2d 33). Obviously Aiken was entitled to the charge given and Flinchum, who had introduced no such evidence, was not. Not only that: to charge generally that evidence of good character may in and of itself generate a reasonable doubt

so as to authorize acquittal as applied to all defendants might have the unwished-for effect of emphasizing the lack of such defensive material in the case of the appellant. The instructions as given did no more than take into account the realities of the factual situation, and were not harmful to the complainant.

3. A co-defendant, Brown, introduced to the witness Leeming by the defendant, figured both in transactions with the defendant's corporation, Diversified Enterprises, and another corporation known as Eastern Properties Trading Company. It appeared from the state's evidence that both these companies acquired titles to land known to be claimed under other chains of title. Leeming was queried about some of these holdings. As to one parcel, Leeming was asked, "This is clouded land?" and replied that he did not know; thus, no information was elicited. Another question on the same subject was objected to as leading; again, the witness did not know the status of the title. The rulings were in any event harmless. *Watson v. State,* 192 Ga. 679, 681 (5) (16 SE2d 426). As to certain land deeded by Diversified Enterprises to the bank, the witness refused to hazard a guess to the question: "Isn't that gamble-type property also?" There was ample evidence that these companies were used for speculation in land in the hope of clearing titles on some of it; both for this reason and the fact that the witness did not answer the questions, it is obvious that the defendant was not harmed. The same applies to the remaining objection, as irrelevant, to a question of what the assets of Eastern Properties Trading Company consisted of. Flinchum was not an officer of Eastern Properties, but the witness and co-defendant were. It does not appear that these assets, which consisted of quitclaim deeds to property where title was in dispute, constituted, in and of themselves, an illegal enterprise and, again, the answers could not have been harmful to the appellant, as these facts applied only to the co-defendant Brown.

We have thoroughly examined the record, and are satisfied both that the evidence authorizes a verdict of guilty of fraudulent taking as to the sums obtained under false pretenses from the prosecuting bank, and that the evidence admitted shows no harmful error as against

Flinchum.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JANUARY 7, 1977 — DECIDED
JANUARY 18, 1977.

*Robert C. Ray*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.