**STATE ex rel. KRASNER v. SANSTROM.**
No. 78-6490.
Circuit Court, Dade County, Criminal Division.
October 12, 1978.

108

Richard Baron, Miami, for the petitioner.

Janet Reno, State Attorney, Bayard Heath, Assistant State Attorney, for the respondent.

LENORE C. NESBITT, Circuit Judge.

Petitioner was detained and held in custody by the Dade County Department of Correction and Rehabilitation on the basis of a New York warrant, an indictment having been filed in the state of New York charging him with the crimes of obscenity and conspiracy. Subsequently, an extradition demand was made on the governor of Florida by the governor of New York, whereupon the governor of Florida issued a warrant of rendition in compliance with the New York demand.

At this habeas proceeding, petitioner argued that the extradition papers filed by New York state did not satisfy the jurisdictional requirements of Florida Statutes 941.03 and 941.06, and that as such the Florida executive warrant was improperly issued.

The affidavits and the Oneida County, New York, warrant which accompanied the New York extradition demand showed that the petitioner was not in the state of New York at the time of the commission of the alleged crimes, but rather the affidavits and warrant alleged that the petitioner was in the commonwealth of Pennsylvania at the time he committed the acts which allegedly resulted in crimes in the state of New York. When Florida Statute

941.03 and 941.06 are read with reference to one another they require that the person sought to be extradicted shall be charged, by indictment[1] or by copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state, with committing an act in this state or in a third state intentionally resulting in a crime in the state whose executive authority is making the demand. *Ennist v. Baden,* 28 So.2d 160 (Fla. 1946). The authenticated New York indictment accompanying the written demand from the governor of New York failed to charge petitioner with committing in Florida or in a third state an act intentionally resulting in a crime in New York. Because the indictment does not meet the requirements of Florida Statutes 941.03 and 941.06, the indictment does not suffice as a charging document on which to base the extradition demand.

Neither of the above mentioned affidavits was made before a committing magistrate of the state of New York[2]. Because affidavits do not meet the requirements of Florida Statute 941.03, the affidavits and Oneida County warrant do not suffice as a charging documents on which to base the extradition demand. *Hattaway v. Culbreath,* 57 So.2d 669 (Fla. 1952).

Respondent has argued that whereas the affidavits contained allegations as to the presence of petitioner at the time of the commission of the alleged crime, the affidavits and indictment together suffice as charging documents on which to base the extradition demand. In response thereto petitioner has asserted that Florida extradition law does not provide that an indictment supported by affidavit may suffice as a charging document. As petitioner interprets Florida Statutes 941.03 and 941.06, an indictment must stand or fall on its own as a charging document. But the argument presented by petitioner which this court finds to be dispositive on this point is that in any event, an affidavit not sworn to before a committing magistrate of the demanding state is without any force or effect as a supplementary charging document in a Florida extradition proceeding. *O'Brien v. State,* 13 Fla. Supp. 57 (1958).

---

1.  Fla. Stat. §941.03 also provides that an information supported by affidavit will suffice as a charging document, but since no information has been provided by the governor of New York, reference to same will be deleted.

2.  The affidavits in question were made before a notary public. New York General Construction Law Section 28-b provides: "A magistrate is a judge of any court of this state." The respondent has failed to show that the notary public before whom the affidavit was sworn satisfied the New York definition of a magistrate.

Petitioner has also asserted that the indictment in question fails to substantially charge a crime under the law of the demanding state, as required by Florida Statute 941.03, and that therefore the indictment is insufficient to support extradition to New York. Petitioner cites *State ex rel. Dyer v. Wilson,* 260 So.2d 241 (4th DCA 1972), and *State v. Gale,* 312 So.2d 824 (4th DCA 1975), in support of the contention that petitioner may examine the law of the demanding state, in this case New York Criminal Procedure Law Section 200.50(7), in order to determine whether he has been substantially charged thereunder. But whereas this court finds that the indictment patently fails to contain the required allegation as to the presence of the petitioner, and whereas neither of the affidavits were made before a committing magistrate of the demanding state, it will be unnecessary to consider this last argument presented by petitioner. It follows that the petitioner is entitled to be discharged from custody.